# The Pennsylvania Railroad Company *versus* Butler.

1. A stipulation by a common carrier that he will not be liable for damages, does not relieve him from responsibility for actual negligence by himself or servants.

2. In an action for death by negligence the court charged: "It would perhaps be a fair way to estimate the amount of damages to take the probable amount of (decedent's) accumulations for the time he might reasonably have been expected to live, and find that for the plaintiffs. This, as we said, may be a fair way of calculating the damages sustained, but as it has been said in Pennsylvania Railroad v. McClosky, 11 Harris 526, if you can find a better rule you are at liberty to adopt it. In estimating his accumulations, you will remember that it might not be fair to deduct his family expenses, because his family lived out of it, and now they do not have it to live upon." *Held*, to be error.

3. The proper measure of damages is the pecuniary loss suffered by the parties entitled to the sum to be recovered without any *solatium* for distress of mind, and that loss is what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his life, and which would have gone for the benefit of his children taking into consideration his age, ability and disposition to labor, and his habits of living and expenditure.

4. If improper evidence tending to inflame damages has been given and it has not been struck out at or before the close of the testimony, so that counsel shall not be allowed to refer to it in their address to the jury, it is too late to cure it, by directing the jury in the charge to disregard it.

5. Pennsylvania Railroad v. McClosky, 11 Harris 526, remarked on.

January 29th 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. STRONG, J., at Nisi Prius.

Error to the Court of Common Pleas of *Snyder county*.

This was an action by Mary A. Butler and Samuel H. McCoy, guardians of four minor children of William Butler, deceased, against The Pennsylvania Railroad Company, for negligence in causing the death of the deceased.

The suit was brought in Mifflin county to May Term 1866, and

[Pennsylvania Railroad Co. *v*. Butler.]

certified to Snyder county, where it was entered as of February Term 1867.

At the trial it appeared, that on the 14th of October 1865, Mr. Butler was riding in a car of the defendant, when an accident occurred near Lancaster, by which a portion of the bottom of the car was torn away; that he fell through it and was killed.

On the trial George W. Wiley, the grandfather of the minors, was called by the plaintiffs. They proposed to ask him on whom the support of those children now devolved; this was to show that the negligence and carelessness of defendants have left them entirely dependent for their support on their grandparents, who are poor and unable to labor for their support.

The defendants objected; the court allowed the question to be put, and sealed a bill of exceptions. The witness answered, that the children were entirely dependent upon him and his wife, and that he was poor.

There was evidence that the deceased was riding on a free pass on which a release was endorsed.

After the evidence had been closed, the court (Woods, P. J.) said, referring to the evidence of Wiley :—

"This we were wrong in admitting. The situation of these children, as to their being poor or dependent upon their grandparents, is not proper to enter into the consideration of the jury in finding the amount of damages, and we therefore withdraw this from your consideration."

On the question of damages, the judge instructed the jury :—

"It would perhaps be a fair way to estimate the amount of damages, to take the probable amount of his accumulations for the time he might reasonably have been expected to live, and find that for the plaintiffs. This, as we said, may be a fair way of calculating the damages sustained; but as it has been said in Pennsylvania Railroad *v*. McClosky, 11 Harris 526, if you can find a better rule you are at liberty to adopt it. In estimating his accumulations, you will remember that it might not be fair to deduct his family expenses—because his family lived out of it, and now they do not have it to live upon."

He also charged :—

"Even if Col. Butler was riding on a free pass, and had signed the release on the back of it, it would not excuse the company, if the loss occurred from the gross negligence of any of the employees of the road. We refer to you to find, whether the plaintiffs have shown this negligence; if they have, the plaintiffs are entitled to recover such damages as you will think them entitled to."

The verdict was for the plaintiffs for $18,000.

The defendants took a writ of error, and assigned for error :—

1. The charge of the court on the subject of the free pass.

[Pennsylvania Railroad Co. v. Butler.]

2. The instruction in relation to the measure of damages.

3. The admission of that part of the testimony of G. W. Wiley, objected to.

*G. F. Miller* and *T. Cuyler*, for plaintiffs in error.—The 1st assignment of error was abandoned on the argument. As to the 2d assignment of error, they cited Pennsylvania Railroad *v.* McCloskey, 11 Harris 530; Same *v.* Zebe, 9 Casey 318; Same *v.* Vandever, 12 Id. 298; Same *v.* Kelly, 7 Id. 372; Same *v.* Henderson, 1 P. F. Smith 315. The effect of the evidence in the 3d assignment of error was not removed by withdrawing it from the jury in the charge.

*D. W. Woods*, for defendants in error.—When the charge of the court and the answers to the points taken altogether, present the law correctly, the judgment will be affirmed: Arbuckle & Thompson *v.* Colburn, 1 Wright 170; Pierce *v.* Cloud, 6 Id. 102; Lycoming Insurance Co. *v.* Schreffler, Id. 188; Oakland Railroad Co. *v.* Fielding, 12 Id. 320. On the subject of damages, they cited Pennsylvania Railroad Co. *v.* Zebe, Same *v.* McCloskey, Same *v.* Henderson, *supra*.

The opinion of the court was delivered, February 17th 1868, by SHARSWOOD, J.—This was an action by the defendants below as guardians of the minor children of William Butler, deceased, against the plaintiffs in error, to recover damages on account of the death of their father, caused as it was alleged by negligence.

The 1st error assigned has been properly abandoned, as it is too well settled to be now controverted, that a stipulation by a common carrier that he shall not be liable for damages, does not relieve him from responsibility for actual negligence by himself or servants. Goldey *v.* Pennsylvania Railroad Co., 6 Casey 242; Pennsylvania Railroad Co. *v.* Henderson, 1 P. F. Smith 315. The charge was as favorable to the plaintiffs in error on this point as they could have asked.

The 2d error assigned is, that the learned judge erred in his instructions to the jury as to the measure of damages. These instructions were as follows: "It would perhaps be a fair way to estimate the amount of damages, to take the probable amount of his (deceased's) accumulations for the time he might reasonably have been expected to live, and find that for the plaintiff. This, as we said, may be a fair way of calculating the damages sustained; but as it has been said in Pennsylvania Railroad Co. *v.* McCloskey, 11 Harris 526, if you can find a better rule you are at liberty to adopt it. In estimating his accumulations, you will remember that it might not be fair to deduct his family expenses, because his family lived out of it, and now they do not have it to

7 P. F. SMITH—22

live upon." We think that there was manifest error in this instruction. It gave the jury no definite measure of damages whatever, but left them at liberty to adopt any one they saw fit. The case of Pennsylvania Railroad Co. *v.* McCloskey, 11 Harris 526, to which the learned judge referred, was an action by the personal representative of the deceased under the Act of April 15th 1851, and has no applicability to an action instituted as this was under the Act of April 26th 1855, as is shown by the present Chief Justice in his opinion in The Pennsylvania Railroad Co. *v.* Zebe, 9 Casey 318. There is no doubt an inherent difficulty in placing a pecuniary value upon human life, especially the value of a father's life to his children. Yet it is certainly important that a clear and definite rule should be established, and as this case goes back, it seems to be our duty to say what the instruction of the court below to the jury ought to have been. After an attentive examination and review of all the cases which have heretofore been decided, we are of opinion that the proper measure of damages is the pecuniary loss suffered by the parties entitled to the sum to be recovered—in this instance the children of the decedent—without any *solatium* for distress of mind; and that loss is what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his lifetime, and which would have gone for the benefit of his children, taking into consideration his age, ability and disposition to labor, and his habits of living and expenditure. This mode of stating the rule is substantially that which was adopted by the learned president of the Twelfth Judicial District (Judge Pearson), in Fink *v.* Garman, 4 Wright 95, but which, as it was acquiesced in by both parties and no exception taken, was not passed upon by this court.

The 3d assignment of error is, because the court erred in admitting the testimony of George W. Wiley, touching the dependence of the plaintiffs below on their grandparents, and the circumstances of those grandparents. This was clearly irrelevant, and had no bearing whatever on the true measure of damages, the pecuniary loss of the plaintiffs. The learned judge below became convinced himself that it was so, and in his charge withdrew it entirely from the consideration of the jury. That this may sometimes be done has certainly been decided. The rule upon this subject with its qualifications, is well stated and explained in The Delaware and Hudson Canal Co. *v.* Barnes, 7 Casey 193. It is in entire accordance with the opinion in that case to hold, as we do here, that if improper evidence is given tending to inflame the damages, and it is not struck out at or before the close of the testimony, so that counsel shall not be allowed to refer to or dwell upon it in their address to the jury, it is altogether too late to cure the mistake by directing the jury to disregard it in tho

[Pennsylvania Railroad Co. *v.* Butler.]

charge. Such was the fact in this case, and we are of opinion, therefore, that this assignment of error is sustained.

Judgment reversed, and *venire facias de novo* awarded.