204        369
35 SC ¹409

# Hoon *v.* Beaver Valley Traction Company, Appellant.

*Negligence—Street railways—Death of infant.*

In an action against an electric railway company to recover damages for the death of a boy six years old, run over by an electric car, the case is for the jury, and a verdict and judgment will be sustained where the testimony shows that the car by which the boy was injured was running at a rate of twenty-five miles an hour through a populous part of the borough, near a schoolhouse, at an hour when school children were on the street, and that no notice by gong or otherwise was given of its approach to the crossing where the accident happened.

*Negligence—Damages—Infant.*

In an action to recover damages for the death of a boy six years old, there is sufficient evidence upon which to base a verdict of $1,518, where the age, physical and mental conditions of the child, and the circumstances in life of its parents are shown.

In such a case all that a trial judge can do is to state clearly the true ground of recovery, limiting it to the probable pecuniary loss, and pointing out the elements to be considered, and to permit no excessive verdict to stand.

Argued Oct. 23, 1902.   Appeal, No. 83, Oct. T., 1902, by defendant, from judgment of C. P. Beaver Co., Sept. T., 1900, No. 148, on verdict for plaintiff in case of W. S. Hoon v. Beaver Valley Traction Company.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for death of a boy six years old. Before Wilson, P. J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented this point:

While on account of the tender age of Gilbert Hoon at the time of the accident, he being only six and one half years of age, contributory negligence cannot be attributed to him, yet if you find under the evidence that at the time of the accident he unexpectedly and without warning ran from the pavement, or from the cross street, against or in front of the moving car of the defendant and was killed, such fact is not evidence of negligence on the part of the street railway company so as to

render it liable in this action, and if you so find, your verdict must be for the defendant. *Answer:* Refused. [2]

The court charged in part as follows:

[The measure of damages for the death of a minor child occasioned by negligence is the money value of the child's services until it attains its majority, reduced by the cost of maintenance and education.] [3]

Verdict and judgment for plaintiff for $1,518. Defendant appealed.

*Errors assigned* were (2, 3) above instructions, quoting them.

*A. P. Marshall,* with him *John M. Buchanan,* for appellant.— The case should not have been submitted to the jury: Philadelphia & Reading R. R. Co. v. Spearen, 47 Pa. 300; Kline v. Electric Traction Co., 181 Pa. 276; Hunter v. Consolidated Traction Co., 193 Pa. 557; Fleishman v. Neversink M. R. R. Co., 174 Pa. 510; Kierzenkowski v. Traction Co., 184 Pa. 459; Hestonville Passenger R. R. Co. v. Connell, 88 Pa. 520; Chilton v. Central Traction Co., 152 Pa. 425.

*Richard S. Holt,* with him *J. H. Cunningham,* for appellee.— The case was for the jury: Henderson v. United Traction Co., 202 Pa. 527; Hooper v. United Traction Co., 17 Pa. Superior Ct. 638; Harkins v. Pittsburg, Allegheny, etc., Traction Co., 173 Pa. 149; Maher v. Phila. Traction Co., 181 Pa. 391; Evers v. Phila. Traction Co., 176 Pa. 376.

The verdict, under the evidence, was reasonable, and not out of proportion to verdicts ordinarily rendered in similar cases: Pennsylvania Co. v. James, 81* Pa. 194; Lederman v. Penna. R. R. Co., 165 Pa. 118.

OPINION BY MR. JUSTICE FELL, January 5, 1903:

The case could not properly have been withdrawn from the jury. The plaintiff's son was not of an age to be charged with negligence. There was testimony that the car by which he was injured was running at a rate of twenty-five miles an hour through a populous part of the borough, near a schoolhouse, at an hour when school children were on the street, and that

no notice by gong or otherwise was given of its approach to the crossing where the accident happened.

The point for charge, the refusal of which is the subject of the second assignment of error, could not have been affirmed. It leaves out of view altogether the negligence in running the car too rapidly under the circumstances, and it ends with a direction to find for the defendant, an ending so often fatal to points otherwise good. The question intended to be raised by this point was fully covered by the general charge, in which it was said by the learned trial judge : " While negligence cannot be imputed to a child of the age of Gilbert Hoon, nevertheless it may be assumed that a child old enough to be allowed to run at large has discretion enough to avoid ordinary dangers ; and that persons who have business on the streets may reasonably conclude that they are not to provide against possible danger that may result to such a child from its own wilful trespasses ; so that where a child unexpectedly and without warning runs from the pavement against a moving traction car, or in front of a moving traction car, such fact is not evidence of such negligence on the part of the street railway company as to render them liable."

The objection that there was not sufficient evidence of the value of the child's services or the cost of maintenance on which to base the amount of the verdict is not without force, but it cannot be sustained. The age, physical and mental condition of the child, and the circumstances in life of its parents were shown. Ordinarily this is all that can be shown. It furnishes a very unsatisfactory basis for the computation of pecuniary damage, as the chances of life and death, of health and sickness, and of the earnings of the child going to the parents, are necessarily involved in it. A verdict in such cases is always more or less conjectural, but the common experiences of life furnish some basis for a reasonable estimate. All that a trial judge can do is to state clearly the true ground of recovery, limiting it to the probable pecuniary loss, and pointing out the elements to be considered, and to permit no excessive verdict to stand. The instruction upon the subject in this case was full, clear and accurate, and was accompanied by a caution to the jury not to render a verdict for an unreasonable amount. The judgment is affirmed.