# Campbell *v.* Philadelphia, Appellant.

*Negligence — Municipalities — Defective sidewalk — Infants — Damages—Measure of damages—Earning power.*

1. Children of tender years are, like adults, entitled to the protection of the law and when they have been injured as the result of the negligent or illegal acts of another the best evidence available to sustain an action instituted by them must be produced, but that only requires what can reasonably be expected under the circumstances.

2. In actions for injuries to children having no earning power, a verdict for plaintiff is always more or less conjectural, but the common experiences of life furnish some basis for a reasonable estimate; all that the trial judge can do is to state clearly the ground of recovery, limiting it to the probable pecuniary loss and pointing out the elements to be considered and to permit no excessive verdict to stand.

3. Where in an action against a municipality to recover damages for injuries to a child three years of age, resulting from her stepping into a hole in a sidewalk, it appeared that the child was healthy and normal at its birth and had so continued until the accident, and that as the result of the fall she would be permanently lame, it was not error to allow recovery based on the diminution of the child's earning power, although there was no evidence to show what the child's earning power was, and a verdict for the child for $3,500, and for the mother for $801, was not excessive, and was sustained.

Argued Jan. 14, 1916.   Appeal, No. 157, Jan. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1912, No. 3336, on verdict for plaintiffs, in case of Rita Campbell, by her mother and next friend, Catherine Campbell, and Catherine Campbell in her own right, v. City of Philadelphia.   Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Rita Campbell, for $3,500, and for Catherine Campbell for $801, and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing a new trial and instructions to the jury.

*Wm. C. Wilson,* with him *Otto Wolf, Jr., Joseph A. Dolan,* Assistant City Solicitors, and *Michael J. Ryan,* City Solicitor, for appellant.

*I. G. Gordon Forster,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 14, 1916:

This is an action of trespass brought by the mother to recover damages for injuries to a child three years of age caused by the latter stepping into a hole in the sidewalk. It is conceded that the question of negligence of the defendant and of the contributory negligence of the mother were properly submitted to the jury for determination, and that both questions were decided against the defendant. The defendant alleges that there was no evidence in the case showing that the child by reason of the accident would suffer any diminution of earning power during her minority or after she arrived at the age of twenty-one years, and that the court erred in submitting the question to the jury. This is the only question raised by the assignments of error. There was a verdict of $3,500 in favor of the child and $801 in favor of the mother.

The testimony introduced by the plaintiffs showed that the child was healthy and normal at its birth, and had continued so until the time of the accident with the possible exception of a few weeks about a year prior to the accident when there was a slight lameness in her right hip, which had since entirely cleared up. It was con-

tended by the plaintiff, and her evidence tended to show, that subsequent to the fall the child developed a marked lameness in her left hip, and her medical testimony was to the effect that it was due to tuberculosis of the hip; and that while the disease itself had been arrested or cured, its results were present, and the child would always be lame. One of the physicians testified that, in his opinion, the child was apt to get worse and he did not think she would get better, and on examination he found that her left leg was about one-half inch shorter than the right. He also said that there was atrophy of the thigh, and he attributed the lameness of the child to the hip-joint disease. He further said that while the hip-joint trouble was apparently all right the child was still suffering from the results of it. The plaintiff's expert testimony further showed the effect of tuberculosis on the bones, that the lameness of the child was caused by the shortening of the bone, that her walking will never improve, that she had curvature of the spine, that while there is no impairment of the hip-joint at the present time the results of the disease are present, and that the trend of the disease is still marked in the child. One of the experts testified that the disease had been cured, but any joint that has been diseased never becomes normal again; the legacy or trend of the disease is left. While the disease is cured that does not mean that the joint is as perfect as it was, and there may be some tubercular conditions around that will cause it to grow again. The testimony showed that tuberculosis of the hip could result from an injury such as was sustained by the plaintiff. The mother is a widow and has seven children, two of whom work to support the family. The evidence was sufficient to justify the jury in finding that the child was permanently crippled as a result of the injuries caused by her falling into the hole in the sidewalk.

The contention of the defendant is that the evidence did not show that the child was permanently injured, that her injuries may have resulted from a cause differ-

ent from her fall on the pavement, and that there was an entire absence of testimony that she would suffer a diminution of earning power during her minority or in the future.

We think the learned counsel for the appellant failed to grasp the effect of the plaintiffs' testimony. We have alluded to it briefly, and we think it was sufficient to warrant the jury in finding that the fall on the pavement caused the injuries of which the plaintiff now complains, that the result of the injuries are still existent, that the disease affecting her hip-joint may return at any time, that her leg has been shortened, and that the lameness caused by the injuries is permanent. It is true, that the plaintiff has not established by direct evidence what diminution of earning power she has sustained by showing what she earned at the time of the accident or would probably earn in the future. Such elements may be shown and considered by a jury as a basis for determining earning capacity, and would be required in the case of an adult, but we have never extended the rule so as to require such evidence in the case of a child of the plaintiff's age. If such testimony was produced, it would be merely speculative and would have very little ground to support it. To require it would deprive an injured child of the plaintiff's age of the protection of the law against the careless and negligent acts of another. Children of such tender years are, like adults, entitled to the protection of the law, and when they have been injured as a result of the negligent or illegal acts of another, the best evidence available to sustain an action instituted by them must be produced, but that only requires what can reasonably be expected under the circumstances. The plaintiff has complied with this rule, and she has, therefore, brought herself within the doctrine of our cases. Hoon v. Beaver Valley Traction Company, 204 Pa. 369, was an action to recover damages for the death of a boy six years of age. The appellant claimed there was not sufficient evidence of the

value of the child's services to sustain the verdict. All that was shown was the age, physical and mental condition of the child, and the circumstances in life of its parents. While admitting that this testimony furnished a very unsatisfactory basis for the computation of pecuniary damage, we sustained the judgment in favor of the child. In concluding the opinion it was said (p. 371) : "A verdict in such cases is always more or less conjectural, but the common experiences of life furnish some basis for a reasonable estimate. All that a trial judge can do is to state clearly the true ground of recovery, limiting it to the probable pecuniary loss, and pointing out the elements to be considered, and to permit no excessive verdict to stand." The charge in the present case was entirely adequate, pointed out clearly the material parts of the testimony of the witnesses on both sides, and properly admonished the jury as to their duty in considering and disposing of the case. We do not deem either verdict excessive, but think it was warranted by the evidence.

The judgment is affirmed.