# DeHaas *v.* Pennsylvania Railroad Company, Appellant.

*Courts—Jurisdiction, C. P.—Corporations—Process—Service— County where corporate franchise is exercised—Principal office in another county—Special appearance—Plea in abatement — Trial on merits—Acts of June 13, 1836, Sec. 42, P. L. 568; March 21, 1842, Sec. 8, P. L. 145, and March 17, 1856, P. L. 388.*

1. The common law rule that a corporation could be sued only in the territorial jurisdiction where it had its legal domicile and chief place of business, has been enlarged by the Acts of June 13, 1836, Sec. 42, P. L. 568; March 21, 1842, Sec. 8, P. L. 145, and March 17, 1856, P. L. 388, so that a corporation of this State now exists in any county where it has property and exercises its corporate franchise, and, being lawfully served, must respond to any transitory action brought there against it.

2. In an action against a railroad company to recover for personal injuries, service was properly had upon the defendant in a county where part of its system was situated, although not the county where the injury occurred or where the company's principal office was located; in such case where defendant entered a special appearance and pleaded in abatement to the jurisdiction of the court, the plea was properly overruled, and the effect of the defendant thereafter going to trial on the merits not considered.

*Damages—Earning capacity—Professional education—Injury before beginning to practice—Graduate forester—Evidence — Competency.*

3. In a negligence suit lessened capacity to earn in any actually available occupation may be shown by proper and satisfactory proof.

4. In an action to recover for injuries resulting from defendant's negligence, plaintiff, who had just completed a four-year course

in forestry a year prior to the accident, but had not taken up that work, was properly permitted to offer evidence as to the minimum salary of a graduate forester, in connection with evidence that the accident disabled him from pursuing that occupation, as bearing upon loss of earning power.

*Practice, Supreme Court — New trial — Refusal — Absence of manifest abuse of discretion.*

5. The refusal of a new trial is a matter within the discretion of the trial court and will not be interfered with except to correct a manifest abuse of discretion.

Argued April 22, 1918. Appeal, No. 130, Jan. T., 1917, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1914, No. 281, on verdict for plaintiff in case of George M. DeHaas v. Pennsylvania Railroad Company. Before BROWN, C. J., STEWART, MOSCHZIS-KER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries. Before BELL, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $6,086.88 and judgment thereon. Defendant appealed.

*Errors assigned*, among others, were various rulings on evidence and the charge of the court in overruling defendant's plea in abatement.

*James P. O'Laughlin*, for appellant.—The action was improperly brought in Clearfield County and defendant's plea in abatement should have been sustained: Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453; Bailey v. Williamsport, Etc., R. R. Co., 174 Pa. 114; Jensen v. Philadelphia, Morton & S. St. Ry. Co., 201 Pa. 603.

Plaintiff never having followed the profession of forester, evidence as to earning power based on his qualification to act as such was improperly admitted: Frysinger v. Philadelphia Rapid Transit Co., 249 Pa. 555.

A. H. Woodward, for appellee.—The action was properly brought in Clearfield County: Eby v. North Pac. R. R. Co., 13 Philadelphia 144.

The common law rule that service could be had only and jurisdiction therefore secured in the county of the corporation's domicile was modified by the Act of June 13, 1836, Sec. 42, P. L. 568, and the Act of March 21, 1842, Sec. 8, P. L. 145.

Evidence as to plaintiff's earning power as a forester was properly admitted: Baker v. Irish, 172 Pa. 528; Fedorawicz v. Citizens' E. I. Co., 246 Pa. 141; Simpson v. P. R. R. Co., 210 Pa. 101.

OPINION BY MR. JUSTICE WALLING, June 3, 1918:

This is an action for personal injuries sustained by plaintiff on July 30, 1913, while a passenger on one of defendant's trains in Blair County. Defendant is a railroad corporation duly organized under the laws of Pennsylvania with its principal office in Philadelphia. This suit was brought in Clearfield County where defendant has and operates branch railroads, and where a part of its corporate property, including tracks, stations, etc., is situated. Defendant entered a special appearance and pleaded in abatement to the jurisdiction of the court, which plea was overruled and the case went to trial, resulting in a verdict for plaintiff; from judgment entered thereon defendant brought this appeal.

At common law a corporation could only be sued in the territorial jurisdiction where it had its legal domicile, that is, where it had its chief place of business: Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453. This was enlarged by the Act of June 13, 1836, Sec. 42, P. L. 568, so as to authorize suit against a corporation in any county where the cause of action arose. The Act of March 21, 1842, Sec. 8, P. L. 145, provides, inter alia, that, "when any action is commenced by any person or persons, or bodies corporate, against any incorporated railroad or canal company, in any county in which the

corporate property of such company is wholly or in part situated, it shall be lawful, etc.," directing the manner of service of process in such cases. The Act of March 17, 1856, P. L. 388, contains a like provision as to commencing suits against corporations in general. In our opinion, under the Act of 1842, this suit was properly brought in Clearfield County. There is nothing to indicate that it was intended merely as a service act. A corporation of this State exists in any county where it has property and exercises its corporate franchise, and, being lawfully served, must respond to any transitory action brought there against it. A corporation is an artificial person and there is no reason in principle why it should enjoy an immunity from suit not common to natural persons under like circumstances. The suit seems to have been brought in accordance with a common practice of long standing and one recognized in numerous decisions of this court. These statutes are quoted at length and discussed in the opinion by Mr. Justice DEAN in Bailey v. Williamsport, Etc., R. R., 174 Pa. 114, 118, and the conclusion there is that the action must be brought in a county where the corporate property is in whole or in part situated. See also Jensen v. P., M. & S. St. Ry. Co., 201 Pa. 603; Hawn v. Pennsylvania Canal Co., 154 Pa. 455; Centofanti v. Penna. R. R. Co., 244 Pa. 255, 260. While the defendant in Eline v. Western Maryland Ry. Co., 253 Pa. 204, was a foreign corporation, governed largely by the Act of April 8, 1851, P. L. 353, yet the opinion there by Brother MOSCHZISKER comprehensively embraces both classes of corporations and fully supports our conclusion in the present case. It is fair to assume that the Acts of 1842 and 1856 were intended to serve some purpose, but it is difficult to discover what unless they extend the jurisdiction of the courts to counties where corporate property is situated, for as to the method of service of process they are not substantially different from the Act of 1836. In our opinion the trial court was right in overruling the

plea in abatement, hence it is not necessary to consider the effect of the defendant thereafter going to trial upon the merits.

When injured plaintiff was forty-four years of age and the year previous (1912) had completed a four years' course in forestry at State College, but had not taken up that work. He was permitted to offer evidence as to the minimum salary of a graduate forester, in connection with evidence that the accident had disabled him from pursuing that occupation, as bearing upon loss of earning power. The trial judge submitted this evidence to the jury with guarded instructions, and withdrew from them the evidence as to what plaintiff had been earning as a real estate salesman during the year preceding the accident, because that was not shown to be a permanent employment. The minimum salary of a forester was approximately what plaintiff had been earning as a teacher and much less than the excluded evidence indicated he had received as a real estate salesman. As plaintiff was a graduate forester and capable of entering upon that work it was not error to show its minimum wage, although he had never actually been so employed. He had not abandoned that profession. Should a graduate nurse be disabled before entering upon her profession we believe it would be competent to show the income of that occupation as bearing on the question of loss of earning power, and, if so, why not in this case? "Lessened capacity to earn in any actually available occupation may be shown. But it must be shown by proper and satisfactory proof, and not left to mere conjecture," from opinion by Mr. Justice Potter in Helmstetter v. Pittsburgh Rys. Co., 243 Pa. 422, 426. We find no error in the action of the trial judge in the admission of testimony on this branch of the case or in his instructions to the jury with reference thereto.

The refusal to grant a new trial is, as we have often held, a matter within the discretion of the trial court, with which we cannot interfere except to correct a mani-

fest abuse of discretion, which is not shown in this case.

The assignments of error are overruled and the judgment is affirmed.