Dichiero et al. *v.* Pittsburgh Railways Company,
Appellant.

Argued September 29, 1933.   Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN,
JJ.

94

*D. H. McConnell*, with him *J. R. McNary*, for appellant.

*Henry Ellenbogen*, for appellees.

OPINION BY MR. JUSTICE MAXEY, November 27, 1933:

This was an action in trespass by the parents of a minor and by the minor himself to recover for injuries received by the minor in a collision between the automobile in which the plaintiffs were riding and two street cars, one of the latter going in the same direction as the plaintiffs and the other proceeding in the opposite direction. The accident happened on Edgewood Avenue in the Borough of Edgewood, Allegheny County. Plaintiffs claimed that the eastbound car came up behind them and struck them and shoved them into the westbound car. The jury returned a verdict in the sum of $750 for the parents and a verdict in the sum of $3,250 for the minor child. The chief complaints of the appellant are that the verdicts are excessive.

The force of the impact of the collision threw the minor child, who, on the date of the accident, November 28, 1927, was about seven years of age, against the windshield and his head and neck went through it. He was rendered unconscious, bled profusely, and was taken to the hospital. At the time of the trial, which was about five years later, he exhibited twelve large scars on his face and neck. He had one large scar directly across the bridge of his nose, a large scar on the right side of his face near his nose, two scars in the region of his forehead, one scar across the entire right eyelid, a scar across the left side of the left jaw bone, and a large scar about three

inches long on the neck. The doctor testified that this scar on his neck keeps the boy "from putting his head back in normal position and when he does so he has pain because of the stretching of the scar, it also makes him turn his head to the right." He said these scars are permanent, that the shock of these injuries would have an influence on the child's mental life, that the child suffers pain, and that he will develop a neurosis. In the light of this testimony we cannot say that the award of $3,250 was excessive, and at the oral argument appellant's counsel practically abandoned the position that it was.

Appellant contends that the award of $750 to the parents is excessive "because there was neither allegation nor proof that the parents would sustain any loss of earnings during the minority of their son as a consequence of the accident and inasmuch as the injury consisted of scars only; in order to sustain a verdict such loss of earnings must be pleaded and proved." On this branch of the case the court below said: "There is no testimony here as to whether this boy will be incapacitated, but taking into consideration his birth and the occupation of his parents and what education he may have, if there is such a diminution which the parents will suffer you would be warranted in making a reasonable award."

In the case of Campbell v. Phila., 252 Pa. 387, 97 A. 456, where it appeared that in an action of trespass against a municipality to recover damages for injuries to a child three years of age, resulting from her stepping into a hole in a sidewalk, that the child was at birth healthy and normal and had so continued until the accident, and that as the result of the fall she would be permanently lame, it was held not error to allow recovery based on the diminution of the child's earning power, although there was no evidence to show what the child's earning power would be, and the verdict for the child for $3,500, and for the mother for $801, was held not exces-

sive. In that case this court said (page 390) : "It is true, that the plaintiff has not established by direct evidence what diminution of earning power she has sustained by showing what she earned at the time of the accident or would probably earn in the future. Such elements may be shown and considered by a jury as a basis for determining earning capacity, and would be required in the case of an adult, but we have never extended the rule so as to require such evidence in the case of a child of the plaintiff's age. If such testimony was produced, it would be merely speculative and would have very little ground to support it. To require it would deprive an injured child of the plaintiff's age of the protection of the law against the careless and negligent acts of another. Children of such tender years are, like adults, entitled to the protection of the law, and when they have been injured as a result of the negligent or illegal acts of another, the best evidence available to sustain an action instituted by them must be produced, but that only requires what can reasonably be expected under the circumstances."

In Goldberg et al. v. P. R. T. Co., 299 Pa. 79, 85, 149 A. 104, this court said: "When a child of tender age is permanently disabled, it is not necessary to prove its earning power in order to submit that question to the jury as an element of damages. The question is for the jury under all the facts and circumstances of the case."

On the question of the alleged excessiveness of the verdicts in this case, what the present Chief Justice aptly said in Knobeloch v. Pittsburgh, H., B. & N. C. Ry. Co., 266 Pa. 140, 109 A. 619, is pertinent: "...... This court has repeatedly said in a long line of cases, beginning with Smith v. Times Pub. Co., 178 Pa. 481 [36 A. 296], and extending down to Scott v. American Express Co., 257 Pa. 25 [101 A. 96], that the question of the amount of the verdict would be reviewed only where so grossly excessive as to shock our sense of justice and to indicate a clear abuse of discretion on the part of the

court below." In the case before us we find nothing in the verdicts rendered "to shock our sense of justice and to indicate a clear abuse of discretion on the part of the court below," in not granting a new trial.

The judgment is affirmed.