Vincent, Admr., et al. *v.* Philadelphia, Appellant, et al.

Argued November 29, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*I. G. Gordon Forster,* with him *John J. K. Caskie,* Assistant City Solicitors, and *Robert McCay Green,* City Solicitor, for appellant.

*James W. Tracey, Jr.,* with him *George W. Phillips,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 3, 1944:

This appeal of the City of Philadelphia is directed to the excessiveness of the verdicts. The action was to recover damages resulting from the death of a minor child. In order to reach a proper legal result in such cases it must steadfastly be borne in mind that the law is concerned only with the economic and not the human value of the life that has been taken; it does not attempt to measure in money the parental anguish caused by a child's death.

The victim of the accident was a six-year-old girl who was struck and almost instantly killed by a city truck. The father instituted suit as administrator of her estate, and he and his wife presented their claim in the same action for damages in their own right.* The verdict for the administrator was $10,000 and for the parents $7,500. The court refused to disturb the former but granted a new trial in respect to the latter unless the parents would file a remittitur of all the verdict in

---

* The parents' claim also should have been brought in the name of the administrator under Pa. R. C. P. No. 2202 (a).

their favor above $1,000; this they declined to do, whereupon the court ordered a new trial as to them. The City takes the position that the verdict for the administrator was likewise excessive, that therefore a new trial should have been allowed as to his claim also, and that, in any event, the court had no right, in the one action, to grant a new trial as to one claim and refuse it as to the other, but should have ordered a re-trial either generally or not at all.

It cannot be said that plaintiffs failed to present all the evidence reasonably available in such a case to prove the probable pecuniary loss sustained. They gave a general picture of the family, the type of home they occupied, the age and employment of the father, the height, weight and general state of health of the child during the six years of her life; they showed that the father owned the house they lived in, and they would have shown also his wages had this not been prevented by defendant's own objection. But both verdicts of the jury were unintelligent and far in excess of what was justified by the application of proper legal principles. The trouble may have been due in some part to the failure of the learned trial judge—although his charge generally in regard to the measure of damages was correct —to point out certain factors entering into the estimation of the damages in this case,—for example, the lower rate of wages ordinarily obtainable in the industrial world by women as compared with men, and the likelihood of marriage and motherhood, with their resulting effect on the girl's opportunity and capacity to continue through life as a wage earner. It was important, too, to emphasize that the obligation to support her would have rested upon the parents during her minority, and, therefore, that the sum awarded to the administrator, representing the financial loss she herself sustained by her death, had to be limited to the present worth of income that would not have begun to accrue for fifteen years; this consideration called for a drastic reduction in the

calculation of the damages due her estate by reason of the loss of earnings resulting from her premature death. With these pertinent factors in mind, we are of opinion that an award to the administrator of $7,000 is the maximum here justified. With regard, however, to the verdict in favor of the parents in their own right, the reduction to $1,000 was somewhat severe in view of the fact that they were entitled to recover an item of $421.02 for funeral expenses, which apparently was not taken into consideration by the court in making this reduction.

From the standpoint of practice, we do not approve of the court's ordering a new trial as to one of the two claims involved and refusing it as to the other. Pa. R. C. P. No. 213 (e), adopted in conformity with the suggestion to that effect made in *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 650, 26 A. 2d 659, 662, provides that "A cause of action for the wrongful death of a decedent and a cause of action for his injuries which survives his death may be enforced in one action but if independent actions are commenced they shall be consolidated for trial." This rule represents a procedural policy which ought not to be departed from. There was only one action in this case and its unity should not be disturbed.

Under the broad powers possessed by our court in the correction of excessive verdicts (*Givens v. W. J. Gilmore Drug Co.,* 340 Pa. 361, 368, 17 A. 2d 184, 187) we make the following order:

The judgment in favor of the administrator, which is the subject of appeal in No. 179, is reduced to $7,000 and, as thus modified, the judgment is affirmed; the order granting a new trial to the parents in their own right, which is the subject of appeal in No. 199, is reversed, and it is directed that judgment be entered for them in the sum of $1,500.