## Hall *v.* George, Appellant.

564

Argued March 15, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Bernard F. Quinn,* with him *Quinn, Leemhuis, Plate & Dwyer,* for appellants.

*Myron E. Rowley* and *William B. Washabaugh, Jr.,* with them *Rowley, Smith & Rowley,* and *Washabaugh, McLure & Miller,* for appellee.

*Lee C. McCandless,* with him *A. Grant Walker,* and *Gifford, Graham, MacDonald & Illig,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 2, 1961:

This issue arises out of an automobile collision on Route 98, in an area about twelve miles distant from Meadville, Crawford County, Pennsylvania, on a clear afternoon. At that point the improved roadway is twenty-one feet, six inches in width, with berms on each side of six and one-half and seven feet in width. The defendants' decedent, Mrs. Jean S. George, seventy-eight years of age, was operating an automobile north-wardly when, for some unexplained reason, it left its own proper lane of traffic, crossed over the highway, traveled up the wrong side of the road for a distance of approximately one hundred and fifty to two hundred feet with its left wheels on the berm, suddenly veered to the right and struck the right front door of a car traveling in the opposite direction. James C. Springer was the driver of the latter car in which Robert Wayne Hall and Bryan K. Wadding were guest passengers. Hall was rendered unconscious from injuries received and died two hours later. Springer was seriously injured. Following the accident, Mrs. George was found dead, sitting upright behind the wheel.

These lawsuits followed in Erie County and were consolidated for trial. The jury found that the acci-

dent was due to the negligence of Mrs. George and awarded damages to Hall's estate and James C. Springer. The administrator of Hall's estate was awarded $1694 in the wrongful death action and $20,-000 in the survival action. James C. Springer was given $6000 for personal injuries and loss of earnings, plus damages to the automobile in the sum of $2382. Motions for judgment notwithstanding the verdict and/or a new trial were refused. From judgments entered on the verdict, the decedent's executors appealed.

## Hall Case

The motion for judgment n.o.v. is not pressed in this case, however, numerous reasons are assigned in support of the request for a new trial. A careful review of the record discloses no merit in any of the assignments of error. We shall discuss some of them briefly.

It is argued that the awards were excessive. The decedent, Hall, eighteen years of age, a graduate of high school enjoyed ambitions to be a school teacher. He was engaged in first year studies in Edinboro State Teachers College. He enjoyed excellent health, as did his parents. The grandparents on both sides were still alive and well. His habits and traits were admirable. He worked during the summer months and for two years immediately before the fatal accident, he earned the sums of $577.32 and $557.76 respectively. There was evidence that the minimum salary of a school teacher in the State of Pennsylvania is $3600 yearly with an increase of $200 per annum until the maximum of $5400 is reached. According to the mortality tables of the United States Government Census Bureau, he had a life expectancy of 53.07 years. Certainly, an award of $20,000 in the survival action is not out of line. See, *Gist v. Allentown Wholesale Dist., Inc.*, 398

Pa. 428, 158 A. 2d 777 (1960); *Spangler v. Helm's N. Y.-Pgh. M. Express,* 396 Pa. 482, 153 A. 2d 490 (1959); *De Simone v. Philadelphia,* 380 Pa. 137, 110 A. 2d 431 (1955).

It is urged that the trial court erred in permitting evidence as to teachers' earnings, in view of the fact that the decedent had not sufficiently advanced in his training for this profession. This was probably the best evidence reasonably available to guide the jury in determining the pecuniary value of the human life involved. See, *DeHaas v. Penna. R. R. Co.,* 261 Pa. 499, 104 Atl. 733 (1918); *Swartz v. Smokowitz,* 400 Pa. 109, 161 A. 2d 330 (1960); *Webster v. Krembs,* 230 Wis. 252, 282 N.W. 564 (1938); *Turrietta v. Wyche,* 54 N. M. 5 212 P. 2d 1041 (1949). In view of the amount of the award and the modest amount of salaries presently paid members of the teaching profession, we cannot agree that, under the circumstances, the introduction of this evidence was prejudicial error.

Defendants contend that the evidence was insufficient as to decedent's maintenance costs subsequent to his reaching majority age. The testimony was to the effect that his cost of maintenance at the time of death was approximately $1800 a year. No estimate was given as to what it would be later on had he lived and married but, admittedly, it would be greater. The absent evidence, now complained of, would be pure conjecture. Furthermore, the jury is expected to use reasonable intelligence in resolving such a question.

It is argued that the court erred in refusing to admit into evidence the depositions of two out-of-state witnesses offered in defense. These depositions were not signed as required by Pa. R. C. P. §4017(c), and for that reason properly rejected. But what is more important, the substance of the testimony in the depositions was inadmissible. One deposition was that of the decedent's son to the effect that two months before

the accident, the decedent suffered a dizzy spell. This, without more, proved nothing and was too remote. It would probably have harmed the defendants' case by tending to prove that the decedent's physical condition was such that she should not be driving an automobile on a public highway. The second deposition was that of the coroner, who expressed the opinion therein that the decedent, Mrs. George, *may*[1] have fallen asleep or suffered a heart attack, and that either one of these two, caused her to be driving on the wrong side of the highway. This opinion was not based on any prior examination that the coroner made of Mrs. George, and no autopsy was performed after the accident. He did make an examination of Mrs. George immediately after the accident and expressed the opinion at the time that her death was due to a crushed chest and fractured mandible. The testimony of the coroner given in the deposition was pure conjecture.

Finally, the defendants complain that the court erred in removing the Riverside Service, Inc., as an additional defendant. This is a nonresident corporation. The action was not instituted in the county wherein the accident occurred. The record discloses that the legal service of process was not effected on this additional defendant, in accordance with the provisions of the Act of May 14, 1929, P. L. 1721, as amended by the Act of February 17, 1956, P. L. (1955) 1068, 75 P.S. §2001 et seq., and Pa. R. C. P. §§2254(a),1009(c) 2077 et seq. The court properly ruled that no legal service had been obtained. See, *Williams v. Meredith,* 326 Pa. 570, 192 Atl. 924 (1937); *McCall v. Gates,* 354 Pa. 158, 47 A. 2d 211 (1946). In addition, the testimony at trial is clear that the operation of the truck of this defendant had no causal connection with the collision.

---

[1] Emphasis ours.

Springer Case

The award in this action was $6000 for personal injuries and loss of earnings.[2] It is strenuously maintained that this was excessive and that the proof of the extent of the injuries and loss of earnings was not established by sufficient competent proof.

Springer testified that his knee and back were injured; that his face was smashed; that his eyes were blackened; that he suffered a broken nose in the accident, which necessitated an operation in a Pittsburgh hospital on May 28th, following the accident; that his teeth, which held fast a partial bridge, were loosened which made necessary new upper and lower bridges. No corroborative medical or dental testimony was offered at trial. At a pre-trial conference, hospital and doctor bills for treatment of the nose injury, plus the dental care, were, by agreement of counsel, approved and stamped for admission at trial. At trial these exhibits were admitted without objection. These bills showed payment to doctors in the amount of $404; to one hospital, $228.40, to another, $3; to a dentist, $383; for ambulance hire, $20; for eyeglasses, $40; or a total of $1078.40. Defendants now complain that the failure to call as witnesses the doctor and dentist resulted in the absence of required proof that the amount of the bills was reasonable and the services for which they were submitted necessary as a result of the accident. Under the circumstances presented, we do not feel that the presence of professional testimony was necessary. See, *Schultz v. Pivar*, 370 Pa. 271, 88 A. 2d 74 (1952). Defendant counsel's complaint, in this regard, is too inconsistent with his action at pre-trial and trial as to warrant much consideration at this time.

As to the loss of earnings plaintiff testified, without objection, that he estimated his loss to be $3600. He

---

[2] The cost of repairing the automobile was not questioned.

lost five to six weeks of employment. He explained that he was a manufacturer's representative; that his gross earnings, substantiated by his income tax returns, which were presented at trial, were $41,000 in 1957, $45,000 in 1958 and $48,900 in 1959. He was extensively cross-examined about his expenses incident to the employment, and the fact was brought out that his net income for the year 1957 figured to be approximately $22,000. The lower court was completely satisfied that the total award was justified by the proof submitted. The granting of a new trial because of excessiveness is peculiarly within the discretion of the lower court and unless a clear abuse of discretion is present, we will not interfere. See, *Ferruzza v. Pittsburgh,* 394 Pa. 70, 145 A. 2d 706 (1958). We find no abuse of discretion herein.

Finally, it is argued that Springer was guilty of contributory negligence as a matter of law, which requires the entry of judgment n.o.v. in this case. He testified that he first saw the George automobile when it was on his side of the road and that he traveled a total of approximately one hundred and fifty to two hundred feet from that time to the point of collision. He blew his horn and applied his brakes, slowed down, and came to a slow stop with two wheels on the berm. When the George car was approximately seventy-five feet away and still coming, he started his car again in an effort to turn to the left and avoid a crash. He traveled approximately thirty-five feet before being hit. Whether he acted with reasonable prudence, in view of the unusual circumstances, was purely a factual question. Needless to say, contributory negligence should be declared judicially only in a very clear case. See, *Kurtz v. Philadelphia Transportation Co.,* 394 Pa. 324, 147 A. 2d 347 (1959).

A careful reading of the record discloses that the case was tried in a fair and competent manner. The

issues were adequately defined and submitted in a fair manner.

Judgments affirmed.

DISSENTING OPINION BY MR. JUSTICE BELL:

I dissent as to the measure and proof of damages for Hall. Hall was not a teacher, he was only a high school graduate and his wishes for his future life and the conjecture as to whether he would ever be a teacher, and if so what and where he could teach and what he would make as a teacher, was sheer guess, speculation and conjecture. What happens when a boy desires or plans to become President of the United States or of General Motors, or a major league ball player like Ty Cobb or Babe Ruth or Hans Wagner or Jim Thorpe or Red Grange, or if a young person graduates from a dramatic or actors' school desiring or planning to become a Sarah Bernhardt, Ethel Barrymore, Helen Hayes, Edwin Booth or a movie star like Clark Gable or Marilyn Monroe—what is the measure of damages in that case? How far can speculation be stretched in order to measure and justify damages for possible future loss?

In the Hall appeal, I would grant defendants a new trial.