## Hagner v. Moor

*Jack Brian,* for plaintiff.
*Joseph T. Labrum, Jr.,* for defendant.

LIPPINCOTT, J., August 5, 1968.—Plaintiff, a passenger in defendant's automobile, was injured when defendant fell asleep, ran off the road and struck a utility pole, catapulting plaintiff through the windshield. Severe lacerations necessitated some 500 sutures and a skin graft. Permanent scarring resulted. Following a jury trial, a verdict was rendered in favor of plaintiff in the amount of $15,000.

The sole issue raised in defendant's present motion for new trial is whether the trial judge erred in admitting certain evidence and in charging the jury with respect to future impairment of plaintiff's earning capacity.

Plaintiff was in the Marine Corps at the time of the accident. Prior to his enlistment at the age of 18, he had worked while in high school as a waiter and short-order cook on a nearly full time basis in two restaurants. During his tour of duty in the service, he was also assigned as a cook and earned the equivalent of a high school diploma. Following his discharge, he again worked as a cook until he was unable to continue his employment because of the physical demands and a painful back. At the time of his trial, he was employed as a janitor at the General Electric Company, which he said was ". . . the only thing [he] could get".

Plaintiff testified he had made efforts to get into sales work, in which he had had some experience in high school, in order to improve his economic prospects. He had actually obtained a door-to-door sales distributorship for home products on a part time basis. His desire, however, had been to become employed in sales work in the food industry because of his experience and training in that area.

Plaintiff called an official of the Pennsylvania State Employment Office, who also had extensive experience as the owner of a private employment agency, as an

expert in the field of employment opportunity and personnel placement. This expert gave an opinion that plaintiff would have been an acceptable candidate for such employment in food sales, except for his presently disfigured appearance. He stated that plaintiff's education, training and qualifications were such as to make him qualified in this field. The expert gave an opinion as to the average income that one employed in such a job might reasonably expect to earn.

Defendant argues that the admission of such testimony was improper because plaintiff had not actually entered into employment in food sales work and that the testimony was therefore based on mere conjecture. However, the fact that plaintiff is not actually engaged in a particular employment does not necessarily preclude proof of earning capacity in that occupation. See DeHaas v. Pennsylvania Railroad Company, 261 Pa. 499.

Defendant argues, in effect, that since plaintiff is presently employed as a janitor, no greater earning capacity can be demonstrated. This is clearly not the law. As was stated in Jones v. Philadelphia & Reading Coal & Iron Company, 154 Pa. Superior Ct. 513, 516:

" 'Earning power is not determined solely by ascertaining the amount of wages an employee received after he sustained an injury. That fact is to be considered with all the other elements affecting his earning power, but it is not absolutely controlling. . . . In many instances, wages actually received are unsatisfactory evidence of earning power. The injured person may be especially favored, or he may be doing a character of work that does not truly reflect his earning power': Henry v. Pittsburgh Railways Co., 131 Pa. Superior Ct. 252, 254, 200 A. 294".

Restricting plaintiff to proof of his present janitorial earnings would result in a complete disregard of his vocational background and training. This would

overlook an important factor, well recognized in Pennsylvania law as affecting earning power, that the jury should consider plaintiff's "ability to earn wages in any kind of employment for which he is fitted": Leaver v. The Midvale Company, 162 Pa. Superior Ct. 393, 400; Bispels v. Charles R. Shoemaker, Inc., 133 Pa. Superior Ct. 117.

Defendant further objects on the ground that there was insufficient evidence of plaintiff's intention to enter sales employment. However, plaintiff did clearly state that he had such an intention. The weight of such testimony was for the jury; its verdict indicates credibility.

In any event, an expressed intention is not crucial. In Olin v. Bradford, 24 Pa. Superior Ct. 7, plaintiff had abandoned her previous occupation to keep house for her son, and there was no evidence of her intention to resume her job. Evidence was nevertheless permitted as to earnings in her former occupation. The Superior Court indicated that it was for the jury to decide what weight, if any, was to be given to the testimony and said, page 11: "What she could have earned, in any employment open to her, formed an adequate basis for such estimate". Likewise, in Hall v. George, 403 Pa. 563, plaintiff was in his first year at a State teachers' college. It was held proper to admit evidence showing the salaries of public school teachers in Pennsylvania generally.

With respect to the propriety of the court's charge, the trial judge stated to the jury that:

"The plaintiff is also entitled to any loss of earning capacity, which we construe to mean, and we charge you to mean, any loss resulting from a shortening of his economic horizon. That has been argued to you by counsel, but what it means essentially is a lessening of his ability to obtain employment in the field that he would otherwise be qualified to obtain employment in

had he not suffered any disability as a result of this accident, and if you so find that there is such a disability.

"You must consider what such loss, if any, would be, based on the testimony as to his present employment and his probable future employment and the testimony of the expert in this regard".

This charge is substantially in the form approved by the Supreme Court in Bochar v. J. B. Martin Motors, Inc., 374 Pa. 240, wherein it is stated, page 244:

"It is not the status of the immediate present which determines capacity for remunerative employment. Where permanent injury is involved, the whole span of life must be considered. Has the economic horizon of the disabled person been shortened because of the injuries sustained as the result of the tortfeasor's negligence? That is the test".

Applying this test to the facts in the case at bar, it is clear that the evidence was proper in enabling the jury to determine that the economic horizon of plaintiff was shortened by the disfiguring facial scars resulting from defendant's negligence.

Wherefore, we enter the following:

### ORDER

Now, this August 5, 1968, upon consideration of briefs, following argument before the court en banc, it is hereby ordered that:

1. Defendant's motion for new trial is dismissed;
2. An exception is allowed to defendant.