**Staub v. Okie**

*A. Bruce Niccolo,* for plaintiffs.
*Reilly & Fogwell,* for defendant.

GAWTHROP, P. J., July 23, 1969.—Defendant by preliminary objections has questioned the venue of this action and jurisdiction of the person of defendant. After argument and consideration of the matter the preliminary objections must be sustained.

Service of "certified copies" of both a writ and complaint was made by registered mail on the Secretary of the Commonwealth and by sending to defendant at her last known address in Cleveland, Ohio, "certified copies" of both thereof, a U.S. Post Office return receipt therefore bearing a signature "Margaret F. Okie" being attached to the sheriff's return of service. The complaint on its face shows that the accident out of which the action arises occurred in Montgomery County, Pa. All trespass actions against nonresident motorists as well as resident motorists who subsequent to an accident become nonresidents are governed by Pennsylvania Rule of Civil Procedure, 2076, et seq., which implement the Non-Resident Motorist Act of May 14, 1929, P. L. 1721, as amended; 75 PS §2001, et seq. By the terms of rule 2078(a), such actions may be brought in and only in a county in which defendant may be personally served or the county in which the cause of action arose. A plaintiff therefore has an option to choose the county in which to commence the action. But it is only where suit is brought in the cause of action county that substituted service may be validly made under rule 2079(a). If it is commenced in any other county personal service alone is valid: McCall v. Gates, 354 Pa. 158; Hall v. George, 403 Pa. 563, 568. Rule 2079(a) further requires substituted service upon both the Secretary of the Commonwealth

and upon defendant at his last known address of a "true and attested copy of the process." A return of service showing service of "certified copies" thereof as here made, the copy of the complaint attached to the return being certified by counsel, is insufficient: Hinkel v. Beiting, 69 D. & C. 129.

For procedural purposes objections to venue are treated as raising a question of jurisdiction: County Construction Co. v. Livengood Construction Co., 393 Pa. 39, 45. Preliminary objections are the exclusive method by which questions of venue and jurisdiction of the person may be raised: Monaco v. Montgomery Cab Company, 417 Pa. 135. Where the pertinent facts as to venue and jurisdiction of the person appear on the face of the record the reason for requiring that a preliminary objection raising the question of jurisdiction be by "a petition raising a question of jurisdiction," as provided by Pennsylvania Rule of Civil Procedure rule 1017(b)(1), would seem to be nonexistent so that under such circumstances the question need not be raised by petition under oath: cf. Biel v. Herman Lowenstein, Inc., 411 Pa. 559. Since rule 1017(b)(1) replaces the former practice of a motion to set aside service we conclude that it does not require a petition under oath in these circumstances.

And now, July 23, 1969, the preliminary objections are sustained and service of the writ and complaint are set aside.