418 A.2d 361

**John F. SLAVIN, Administrator of the Estate of Tiffany R. Slavin, Deceased, and John F. Slavin and Mary Ann Slavin, parents in their own right**

v.

**Wilbur A. GARDNER, Appellant,**

v.

**Mary Ann SLAVIN.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1978.

Filed Dec. 28, 1979.

194

James E. Coyne, Pittsburgh, for appellant.

Edward O. Spotts, Pittsburgh, for appellees.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

CERCONE, President Judge:

On January 30, 1974, the decedent, Tiffany R. Slavin, two and one-half years of age, was a passenger in her mother's automobile when it was involved in a fatal collision with defendant's vehicle resulting in the instantaneous death of Tiffany. Decedent's parents (appellees herein) instituted wrongful death and survival actions against the original defendant (appellant herein) who joined the decedent's mother as an additional defendant. The case was tried before a jury and a verdict was returned against both appellant and the additional defendant in the amount of $834.50 in the wrongful death action and $75,000.00 in the survival action. This appeal is from the order of the court below denying appellant's motion for a new trial and directing that judgment be entered on the verdict.[1]

Appellant contends, as he did in the court below, that there was insufficient evidence for the jury to assess damages on the survival action and that the award of $75,000.00 was excessive.[2] Upon review of the entire record and the briefs and arguments of counsel, we are convinced that the lower court did not err in denying appellant's motion for a new trial.

1. Decedent's mother in her capacity as additional defendant has not appealed.

2. Appellant also argues that the court erred in denying his request to poll the jury. "Absent any 'outward indication of a lack of unanimity,' the polling of a jury in a civil case is a matter of grace, not of right; that being so, the grant or refusal to poll a jury lies within the sound discretion of the trial judge . . .." *Dettra Will*, 415 Pa. 197, 205, 202 A.2d 827, 832 (1964), quoting from *Reed v. Kinnik*, 389 Pa. 143, 148–49, 132 A.2d 208 (1957). The instant record is devoid of any indication that the trial judge abused his discretion in denying appellant's request.

The evidence presented by appellees regarding the future loss of earnings under the survival action was as follows. Decedent was a two and one-half year old girl, in excellent health, of normal intelligence, and with a life expectancy of 75 years. Decedent's mother testified she had three other children, all in good health, who ranged in age from ten to two. With respect to her own background and work record, Mrs. Slavin stated that she was thirty-five years of age and in good health; that upon graduating from high school she worked at a ceramics plant as an unskilled worker where she earned the minimum wage and received several pay increases during her three years of employment there; that she left this job to get married, and after four years of marriage she temporarily returned to work, again as an unskilled worker, where she worked for two months at a wage she could not recall. Mrs. Slavin further testified that although she had not worked since the last mentioned job, she hoped to resume working once her youngest child started school. Lastly, Mrs. Slavin stated that she expected her deceased child to have eventually attended college.

Mr. Slavin confirmed his wife's testimony with respect to the health, intelligence, and disposition of his deceased daughter. He also joined in his wife's expectation that their child would have attained a college degree. With respect to his background and employment record, Mr. Slavin testified that he was a high school graduate and in excellent health. After graduating high school, Mr. Slavin entered the service where he received training in electronics. Upon his discharge from the service, Mr. Slavin began a career in various technical jobs culminating in his present position as a sales engineer for an electronics firm earning $1,600.00 per month. Finally, Mr. Slavin testified that his two school age children were doing average to slightly above average in school.

In *Smail v. Flock*, 407 Pa. 148, 154, 180 A.2d 59, 61 (1962), the court pertinently observed:

The measure of a decedent's loss is what he "would have probably earned by his intellectual or bodily labor in his

business or profession during the residue of his lifetime." *P.R.R. v. Butler*, 57 Pa. 335.

How are these losses to be calculated? Obviously by the best evidence which is available. Justice BELL, now Chief Justice, said in *Getz v. Freed*, 377 Pa. 480, 485, 105 A.2d 102:

"In *Betterman v. American Stores Co.*, 367 Pa. 193, at 207, 80 A.2d 66, at 74, this Court, quoting from *Lach v. Fleth*, 361 Pa. 340, 352, 64 A.2d 821, said (p. 207, 80 A.2d 66): ' "The law does not require that proof in support of claims for damages or in support of claims for compensation must conform to the standard of mathematical exactness. In *Western Show Co., Inc. v. Mix*, 308 Pa. 215, 162 A. 667, 668, we held that evidence in support of a claim for damages *was sufficient 'if it afforded a reasonably fair basis'* for calculating the plaintiff's loss. . . If the facts afforded a reasonably fair basis for calculating how much plaintiff is entitled to such evidence cannot be regarded as legally insufficient to support a claim for compensation." ' " (Emphasis in Chief Justice BELL'S Opinion).

The problem noted by the court in *Smail v. Flock*, supra; namely, proof of damages in a death case, is particularly vexing where the decedent is a child of tender years. Obviously, specific projections of future income and expenses are virtually impossible where the decedent has not lived long enough to enable a definite prediction as to future occupation and life style. The courts have, however, recognized this problem and have held it unnecessary to establish with mathematical precision the future earning power of the deceased child. *Hankins v. Mack*, 364 Pa. 417, 72 A.2d 268 (1950); *Weaver v. Ford Motor Co.*, 382 F.Supp. 1068 (E.D.Pa. 1974), aff'd 515 F.2d 506, 507 (3d Cir. 1975). A similar rule obtains in cases involving permanent disabling injuries to minor children, because the problem is essentially the same as that in child-death cases. As the court stated in *Goldberg v. P.R.T. Co.*, 299 Pa. 79, 85, 149 A. 104, 107 (1930): "When a child of tender age is permanently disabled, it is not neces-

sary to prove its earning power in order to submit that question to the jury as an element of damages. This question is for the jury under all the facts and circumstances of the case." *See also Dichiero v. Pittsburgh Rys. Co.*, 313 Pa. 93, 169 A. 82 (1933). Similarly, in evaluating damages in child-death cases the courts have considered a variety of factors, including the decedent's age, health, intelligence, probability of education, and the parents' background, occupation, and station in life. *See generally* 2 S. Feldman, Pennsylvania Trial Guide § 33.33 (rev. ed. 1978); 20 Am. Jur., Trials pp. 547–552; 22 Am. Jur. 2d, *Death*, Section 147 et seq. Indeed, in *Vincent v. Philadelphia*, 348 Pa. 290, 292, 35 A.2d 65, 66 (1944), which was a child-death case, the court noted: "It cannot be said that plaintiffs failed to present all the evidence reasonably available in such a case to prove the probable pecuniary loss sustained. They gave a general picture of the family, the type of home they occupied, the age and employment of the father, the height, weight, and general state of health of the child during the six years of her life; . . ." *See also Hoon v. Beaver Valley Traction Co.*, 204 Pa. 369, 54 A. 270 (1903).

In view of the foregoing discussion, we are of the opinion that the evidence presented in the instant case was sufficient to provide the jury with a reasonably fair basis for assessing the loss to decedent's estate. While the evidence may not have conformed to any standard of mathematical exactness, it was legally sufficient to justify an award when considered by the jurors in light of their own knowledge and experience. *Smail v. Flock*, supra; *Springer v. George*, 403 Pa. 563, 170 A.2d 367 (1961).

Appellant's final contention is that the award of $75,-000.00 in the survival action was grossly excessive. We do not agree.

Under our Survival Act,[3] decedent's administrator was permitted to recover (for the estate) the present value of the probable earnings the decedent would have generated

3. Act of June 30, 1972, P.L. 508, No. 164, 2, 20 Pa. C.S. 3373 (1975).

during her adult work-life span less her probable maintenance expenditures during this period.[4] *Incollingo v. Ewing,* 444 Pa. 299, 282 A.2d 206 (1971); *Prince v. Adams,* 229 Pa.Super. 150, 324 A.2d 358 (1974); *Weaver v. Ford Motor Co.,* supra. As previously noted, with respect to decedent's future earnings, appellees established that decedent by all appearances was a normal, healthy, young female child with her whole life before her. Decedent's father was a sales engineer earning $1,600.00 per month, and her mother intended to return to work once her youngest child reached school age. Both parents expected their child to attend college and, in light of their background and station in life, we do not think the hopes and aspirations they held for their daughter were unreasonable. Given the quality of life and economic conditions in contemporary America, a verdict of $75,000.00 does not shock our conscience.

As the Court aptly stated in *Skoda v. W. Penn Power Co.,* 411 Pa. 323, 338, 191 A.2d 822, 830 (1963):

Appellate courts are properly reluctant to interfere with jury verdicts in personal injury cases, which verdicts are supported by the opinion and approval of the trial judge and the court en banc. *Roadman v. Bellone* [379 Pa. 483, 108 A.2d 754], supra. The granting or refusal of a new trial is peculiarly within the discretion of the court below and we will not interfere, absent a clear abuse of discretion. *Hall v. George,* 403 Pa. 563, 170 A.2d 367 (1961). We will not hold that a verdict is excessive unless it is "so grossly excessive as to shock our sense of justice." *Kane v. Scranton Transit Co.,* 372 Pa. 496, 94 A.2d 560 (1953), and cases cited therein.

Although the verdict may be reasonably viewed as high, it does not offend our sense of justice. *Weaver v. Ford Motor Co.,* supra.

Judgment affirmed.

4. Since decedent was killed instantaneously there could be no recovery for pain and suffering. *See Fisher v. Dye,* 386 Pa. 141, 125 A.2d 472 (1956); *Prince v. Adams,* supra.