## Brobst *against* Bank of Pennsylvania.

In an action against a corporation, it is necessary to serve the summons at the place where the corporation is located.

An action against the Bank of Pennsylvania, which is located in Philadelphia, cannot be instituted in the county of Berks by a service of the process upon the cashier of the branch of the bank located in that county.

ERROR to the Common Pleas of *Berks* county.

Elizabeth Brobst, administratrix of George Brobst, instituted an action of *assumpsit* for money had and received against the Bank of Pennsylvania, in the county of Berks.   The bank is located in the city of Philadelphia, and by its charter has power to establish offices of discount at several places throughout the State, and among others, at the county of Berks, where it has such an office for the transaction of business, and where the alleged contract and *assumpsit* were made.   The summons was served upon the cashier of the office in Berks county; and on motion, the court below (BANKS, President) quashed the service.

*Hoffman*, for plaintiff in error.   The process, in this case, was served upon the cashier of the branch at Reading; and he is an officer designated by the Act of Assembly upon whom process may be served. 1 *Penn.Rep.* 161; 8 *Serg. & Rawle* 520.   But a corporation is

suable where the contract is made. *Angell on Corporations* 148; 3 *Cow.* 684; 6 *Conn. Rep.* 428, 435; 2 *Watts* 271.

*Smith*, contra, contended that process cannot be served out of the district where the artificial body exists; and cited 1 *Tidd's Prac.* 140; 16 *Johns.* 7.

The opinion of the Court was delivered by

SERGEANT, J.—This was an action of *assumpsit* for money had and received, against the Bank of Pennsylvania. The summons, which issued out of the Court of Common Pleas of Berks county, was served on the cashier of the office of discount and deposit at Reading, in that county, established by the defendants under the power vested in them by their charter; and the question is whether such service is sufficient. ·

By the 41st section of the Act of 13th June 1836, special provision is made for the service of a summons on a corporation aggregate, except where it is a county or township. The service is to be deemed sufficient, " if made upon the president or other principal officer, or on the cashier, treasurer, secretary or chief clerk of such corporation," in the manner before provided. The cashier of an office of discount and deposit is certainly not a cashier of the corporation within the letter of this provision. There is but one corporation, and that, by the 1st section of the Incorporating Act passed the 30th March 1793, is established at Philadelphia. A power is given to the bank, by the 15th section, to establish offices at Lancaster, York or Reading, and other places, for the purposes of discount and deposit only, and upon the same terms and in the same manner as is practised at the bank. But these offices are not banks, nor are they, properly speaking, branches; which is but a figurative expression. They are merely subordinate offices erected by the bank under the same section, at its own will and pleasure, the management and conduct of them being expressly directed to be intrusted to such persons, under such agreements and subject to such regulations as the bank deems proper, and subject to be annulled when they see fit. It results, then, that' there is but one bank, and that is established at Philadelphia, and that these offices of discount and deposit are merely subordinate, and may receive any shape, or act in any mode, in the exercise of their legitimate powers, which the bank chooses to designate. Other provisions of this and subsequent laws lead to the same result. By the 13th article of section 7, bills or notes issued by the corporation are such as are " signed by the president and countersigned by the principal cashier or treasurer thereof." In section 42 of the Act of 13th June 1836, a special provision is made for. cases where the officers of the corporation, or any of them, do not reside in the county. It provides that in such cases, in actions for damages occasioned by a trespass or injury done by

[Brobst v. Bank of Pennsylvania.]

a corporation, the summons may be served on "any officer or agent of the corporation, at any office or place of business of the corporation within the county, or, if there be no office or place of business in the county, on the president or other principal officer, cashier, treasurer, secretary or chief clerk, in any county or place where they may be found." And though this would seem, by the remarks of the commissioners on the Revised Code, to have been intended principally for turnpike and other similar corporations, yet the words being general may, perhaps, embrace others. Being confined, however, to actions of trespass, they cannot help the plaintiff here. And the existence of such a provision for a special case is a strong argument to show that in other cases it is necessary to serve the summons at the place where the corporation is located. Other acts relative to legal proceedings against corporations seem to show, that it is the officers of the corporation itself that are to be dealt with as the parties, and not the subordinate agents or instruments. In executions, for instance, by sect. 72 of the Act of 22d March 1817, and 16th June 1836, the sheriff is to "go to the banking-house, or other principal office of such corporation, during the office-hours, and demand of the president, chief clerk, or other officer having charge of such office, the amount of the execution." By the 4th section of the Act of 22d March 1817, in case of appeal, certiorari, or writ of error by any corporation, the oath or affirmation is to be by the president or other chief officer of the corporation, or, in his absence, by the cashier, treasurer or secretary. By section 5, rules of reference and notices are to be served in the same manner.

These different provisions go to show, that the corporation is to act by its own principal officers, and that the responsibilities and the rights of the corporation, in relation to legal proceedings, are thrown on them; and as they cannot avail themselves of these rights in the names of inferior officers or clerks, so, on the other hand, they cannot be legally called upon through their medium. We are therefore of opinion that there was no error in the judgment of the court below setting aside the service of the writ.

Judgment affirmed.