## Commonwealth *ex rel.* The Alliance Petroleum and Coal Company *versus* Slifer.

1. The title is no part of an act; and can be resorted to only when there is doubt as to the meaning of the enacting words.

2. The Act of April 9th 1856 does not restrict the power of the Courts of Common Pleas to dissolve corporations, to any class of corporations; the Act of July 18th 1863, for incorporating companies for mechanical and other purposes, expressly confers power on those courts to dissolve such corporations.

3. It is the duty of the secretary of the Commonwealth to file and record in his office the decrees of those courts dissolving such corporations.

4. The county in which the corporation has its principal office is "the proper county," and the Court of Common Pleas of that county has jurisdiction to decree a dissolution.

THIS was an application for a mandamus by The Alliance Petroleum and Coal Company to Eli Slifer, Secretary of the Commonwealth, filed in the Supreme Court, Middle District, May 15th 1866.

The petition set out that on the 28th of February 1865, J. J. Allen and four others associated themselves to form a corporation under the Act of July 18th 1863, for incorporating Mechanical, Manufacturing, Mining and Quarrying Companies, and by their agreement it was provided that their principal office should be in Philadelphia; that having complied with the provisions of the law (set out in the bill particularly), the governor incorporated them by letters patent on the 23d of March 1865, by the name of "The Alliance Petroleum and Coal Company;" that on the 27th of February 1866 they applied to the Court of Common Pleas of Philadelphia to be dissolved, and that court decreed, April 9th 1866, that the corporation "be hereby dissolved." The petitioners further set forth that they had transmitted to Eli Slifer, secretary of the Commonwealth, a certified copy of said decree, with the request that it be filed in his office according to the provisions of the Act of Assembly, and that he refused to permit the same to be filed, and they prayed the court to command the defendant to receive and file the decree. On this petition an alternative mandamus was issued. The defendant in his return admitted the facts, but alleged that "he is not by law authorized and required to file in the office of the secretary of the Commonwealth the decree of the court, mentioned in the writ of mandamus and he has therefore refused to file the same."

To this return the Commonwealth demurred.

The application was made under § 1 of the act entitled "A supplement to the acts relating to incorporations by Courts of Common Pleas," passed April 9th 1856, Pamph. L. 293. This section is as follows:

"That it shall be lawful for any Court of Common Pleas of the

proper county to hear the petition of any corporation under the seal thereof, by and with the consent of a majority of a meeting of the corporators, duly convened, praying for permission to surrender any power contained in its charter, or for the dissolution of such corporation; and if such court shall be satisfied that the prayer of such petition may be granted without prejudice to the public welfare or interests of the corporators, the court may enter a decree in accordance with the prayer of the petition, whereupon such power shall cease, or such corporation be dissolved: Provided, that the surrender of such power shall not in anywise remove any limitation or restriction in such charter, and that the accounts of the managers, directors or trustees of any dissolved company shall be settled in such court, and be approved thereby; and dividends of the effects shall be made among any corporators entitled thereto, as in the case of the accounts of assignees and trustees: Provided further, that no property devoted to religious, literary or charitable uses shall be diverted from the objects for which they were given or granted: Provided, That the decree of said court shall not go into effect until a certified copy thereof be filed and recorded in the office of the secretary of the Commonwealth."

And the Act of 18th July 1863, § 37, Pamph. L. 1864, p. 1107, viz.:—" The Court of Common Pleas of the proper county shall have the same power to dissolve such corporation, upon petition filed under the corporate seal, which it now has with regard to other corporations." The corporations here provided for were such as the relators'.

*S. C. Pancoast*, for relators.

*Meredith*, for respondent.

The reporter had no brief of the arguments.

The opinion of the court was delivered, October 17th 1866, by STRONG, J.—It is, we think, a fair construction of the Act of Assembly of April 9th 1856, Pamph. L. 293, to hold that its provisions are not applicable exclusively to corporations formed under the authority of Courts of Common Pleas. The words of the enacting clause are very comprehensive. They are:—" That it shall be lawful for any Court of Common Pleas of the. proper county to hear the petition of any corporation under the seal thereof," " praying for permission to surrender any power contained in its charter, or for the dissolution of such corporation; and if such court shall be satisfied that the prayer of such petition may be granted without prejudice to the public welfare or interests of the corporation, the court may enter a decree in accordance with the petition, whereupon such power shall cease, or such corporation be dissolved." *   *   *   " Provided, That the

[Commonwealth v. Slifer.]

decree of said court shall not go into effect until a certified copy thereof be filed and recorded in the office of the secretary of the Commonwealth." That the act embraces such corporations as the relators, would admit of no doubt, were it not for its title : by that it is denominated "A supplement to the act relating to incorporations by Courts of Common Pleas." From this it is argued that no other corporations are within its purview than such as owe their existence to the actions of Courts of Common Pleas. But it is well settled that its title is no part of an Act of Assembly. It can be resorted to only when there is doubt in regard to the meaning of the enacting words. In the Act of 1856 there are no words that indicate any legislative intention to restrict the power of courts to any class of corporations. If, however, we did feel justified in holding that, under that act, courts of common pleas are empowered to decree the dissolution of no other corporations than such as may be incorporated by such courts, the question in this case would not be determined against the Commonwealth. The relators were incorporated under the Act of July 18th 1863, the 37th section of which expressly enacts that " the Court of Common Pleas of the proper county shall have the same power to dissolve such corporation (that is, corporation created under the act) upon petition filed under the corporate seal which it now has with regard to other corporations." The intent of this is not doubtful. It can have no meaning at all, if it does not confer upon Courts of Common Pleas the power to dissolve such a corporation as the relators are ; if it does not bring them within the provisions of the Act of April 9th 1856. We are then of opinion that the Court of Common Pleas of the proper county had power to decree the dissolution of the relators, and that it is the duty of the secretary of the Commonwealth to file and record in his office certified copies of such decrees, when they are presented to him. We think, also, that the Court of Common Pleas of Philadelphia is the court of the "proper county." By their articles of association the relators agreed that the principal office of the company should be in the city of Philadelphia. The Act of 1863 requires the organic agreement to set forth "the place within which" corporations created under it are established. The 3d section provides for publication of notice of the first meeting, and prescribes that it shall be "in some newspaper printed in the county in which said corporation proposes to conduct its business." Votes of confirmation are to be deposited "in said county" with the recorder of deeds. By section 18 sales of stock of defaulting proprietors are directed to be advertised in some newspaper published "in said county." By the 19th section, certificates of the amount of capital fixed and paid in are required to be recorded in the office of the recorder of deeds "for said county." The 22d and 23d sections, as well as the 31st, 32d and 33d sections, make

[Commonwealth *v.* Slifer.]

the same reference, and there is nothing in the act which looks to any other county than the one in which by the fundamental articles of agreement it is stipulated the principal office of the company shall be located. That is the "proper county," and the Court of Common Pleas of that county has jurisdiction to decree a dissolution of the corporation.

Judgment is therefore to be given for the Commonwealth on the demurrer, and a peremptory mandamus is awarded.