## Hawn, Appellant, *v.* Pennsylvania Canal Co.

*Practice, C. P. — Service of process outside of county—Corporation— Property in county abandoned—Act of March 17, 1856.*

Under the act of March 17, 1856, P. L. 388, service of process upon the officer of a corporation outside the county in which the action is commenced is not authorized, unless the property of the corporation was wholly or in part situated in the county in which the suit was brought, at the time the action was commenced. It is not enough that property of the corporation was situated in the county at the time the cause of action arose. It must appear that it was situated there when the action was commenced.

Argued April 19, 1893.   Appeal, No. 414, Jan. T., 1893, by plaintiff, Mary J. Hawn, from order of C. P. Huntingdon Co., Sep. T., 1892, No. 19, making absolute rule to set aside service of process.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Rule to set aside service of process in action of trespass. The facts appear by the opinion of the Supreme Court.

*Error assigned* was making rule absolute.

*R. B. Petrikin, H. W. Petrikin* with him, for appellant, cited: Act of March 17, 1856, § 1, P. L. 388, Purd. 356, § 101.

*J. D. Dorris, W. Dorris* with him, for appellee, cited : Com. v. Wilmington & Reading R. R., 2 Pearson, 408 ; 2 Brewster's Pr. 951 ; Hughart et al. v. Bedford & Bridgeport R. R., 2 Pearson, 117.

PER CURIAM, May 1, 1893 :

The only assignment of error is the order of court setting aside service of the summons in this case.

The act of March 17, 1856, P. L. 388, section 1, provides: " When any action is commenced by any person against any corporation in any county in which the property of said corporation was wholly or in part situated, it shall be lawful, if the president, treasurer, secretary or chief clerk do not reside or cannot be found in such county, for the sheriff or other officer to whom any process may be directed, to serve the same on any manager or director in such county, and the service thereof shall be deemed sufficient ; and, in case no director or manager can be found in such county, it shall be lawful for the sheriff or other officer to whom such process is directed to go into any county to serve the process aforesaid."

It appears to be conceded that none of the officers named resided or could be found in Huntingdon county.   Suit was brought to September term, 1892, and the alias summons was served June 18, 1892, " by handing to and leaving with Joseph N. DuBarry, a director of said defendant corporation, a true and attested copy of the within writ and informing him of the

contents of the same, . . . . at his office and the office of said corporation in the city and county of Philadelphia."

In defendants' petition to set aside service of the summons, it is averred among other things : " That by the acts of June 2, 1870, and May 7, 1889, your petitioners were authorized to abandon all their canal property in said Huntingdon county, and that, since September 24, 1889, they have had no property of any kind within said county of Huntingdon." This fact does not appear to have been controverted on hearing of the rule to show cause ; and, upon a proper construction of the act we think it is conclusive against the validity of the service of the summons. Service outside the county in which the action is commenced is not authorized unless property of the " corporation was wholly or in part situated " in the county, in which the suit was brought, at the time the action was commenced. It is not enough that property of the corporation was situated in the county at the time the cause of action arose. It must appear that it was situated there when the action was commenced.

Order affirmed with costs to be paid by appellant.