|     |     |
| --- | --- |
| 201 | 603 |
| 204 | 456 |
| 204 | 458 |
| 201 | 603 |
| e205 | 138 |

# Jensen, Appellant, *v.* Philadelphia, Morton and Swarthmore Street Railway Company.

*Corporations—Street railways—Service of summons—Proper county—Trespass—Negligence.*

Although the entire roadbed of a street railway company may be in one county, where also it maintains its principal office for the meeting of its stockholders and the transaction of other business, yet suit in trespass may be maintained in another county for a cause of action arising in the first county, and a good service may be had upon the president at his residence in the second county, where it appears that both the president and the secretary of the company reside in the second county, and that the company maintains in this county an office occupied by the secretary and the company's typewriter, where much of the correspondence is carried on; where the board of directors meet; where the corporate seal is kept for a part of the year, and affixed to corporate documents; where stock certificates are attested and issued; where the company's ledger account is kept, and much other business, including a part of its banking business, is transacted.

Argued Jan. 16, 1902. Appeal, No. 252, Jan. T., 1901, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 514, making absolute rule to set aside summons in case of Jens Jensen v. Philadelphia, Morton and Swarthmore Street Railway Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass to recover damages for personal injuries for a cause of action arising in Delaware county.

Rule to set aside service of summons.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in making absolute the rule to set aside the summons.

*Henry W. Scarborough*, for appellant.—The summons was valid: Clever v. Carlisle Mfg. Co., 2 Dauphin County Rep. 399; Lehigh Coal & Nav. Co. v. Lehigh Boom Co., 6 W. N. C. 222.

Defendant's corporate property was located in Philadelphia: Grubb v. Lancaster Mfg. Co., 10 Phila. 316.

The home of the defendant is in Philadelphia.

The cause of action is transitory and may be maintained in any county wherein service can be had on the corporation: Dempsey v. Delaware Iron Co., 12 Phila. 314 ; Knight v. West Jersey R. R. Co., 108 Pa. 250 ; Phillips v. Burlington Library Co., 141 Pa. 462.

*David Wallerstein,* for appellee.—The summons was properly set aside : Bailey v. Williamsport & North Branch R. R. Co., 174 Pa. 114; Lehigh Coal & Navigation Co. v. Lehigh Boom Co., 6 W. N. C. 222 ; Edelstein v. Delaware County, etc., Electric Ry., 19 Pa. C. C. Rep. 95.

OPINION BY MR. JUSTICE DEAN, February 24, 1902 :

The plaintiff in this case alleged he had been injured by the negligence of defendant company, on January 2, 1901, by running its electric car over his horse and wagon near the borough of Darby in Delaware county. He brought suit in trespass for damages in court of common pleas No. 1 in and for Philadelphia county. The summons was served on Frederick W. Hammett the president of the company at his residence in the city of Philadelphia. The defendant was incorporated under the general street railway act of May 14, 1889. Its roadbed is wholly in Delaware county and what it calls its principal office, its car barns and rolling stock are all within the territorial limits of the same county. The defendant took a rule to set aside the summons, on the ground, that it could not be legally served by a writ on its president issued and served in another than Delaware county. The court below made the rule absolute and from that decree we have this appeal by plaintiff. No opinion was filed, but it seems to be conceded in the argument, that the ruling was based on the case of Bailey v. Williamsport & North Branch R. R. Company, 174 Pa. 114. It is well to consider just what that case decided. · The defendant was a steam railroad forty-five miles in length located wholly within the limits of Lycoming and Sullivan counties. Its principal office was in Hughesville, Lycoming county and it had no office elsewhere. The plaintiff, in that case, was injured in a collision on the railroad ; she brought suit in Philadelphia, and served the writ on the treasurer of the company

while he was on a visit, temporarily, at Philadelphia. On a rule to set aside the service the court in Philadelphia made it absolute and this court on appeal by plaintiff affirmed the decree. In that case, the corporation had no office in Philadelphia and transacted no business there. The location of its office and its carrying business were both within the counties named, as well as the residence of the treasurer. It was conceded in that case, that at common law, service could not be made on a corporation outside of the district where it existed, but it was sought to sustain the service under the provisions of the act of March 22, 1817, which enacts : " That suits may be brought against corporations by their corporate names before any court or magistrate of competent jurisdiction by summons, which may be served on the president or other principal officer or on the cashier, treasurer, secretary or chief clerk of such corporation." We held, that this act did not extend territorially the jurisdiction of the courts of the different counties, but only designated in what courts of the respective counties suits might be brought against corporations, and what corporate officers might be served and in what manner. That it was not the intention of the act to make good a service on an officer of such corporation in any part of the state, where he might happen to be within reach of a sheriff, without regard to where the corporation did business, or where its property was located, or where it had established corporate offices, or where it had its corporate existence.

We further held that the act of June 12, 1836, only authorized a service on officers outside the county where the corporation was located, when such officers were not residents of that county. The act of March 21, 1842, we held, was in substance similar in its provisions. And so, all through the case of Bailey v. The Railroad Company, supra, the decision and reasons for it are based on the undisputed facts : 1. That the cause of action originated in the counties where the road was located and transacted its business. 2. Its office was there and nowhere else and all its officers resided there. 3. It had no office in Philadelphia, transacted no business there, had no property there and consequently, there was no legislation which authorized such service of summons, by which defendant was brought into court in that case.

That, however, is not this case. This corporation does do much business in Philadelphia and has an office here ; its president resides in Philadelphia. Take the facts admitted in the deposition of Edward J. Hasse, secretary of the company. He resides in Philadelphia county as also the president; the company has an office in the Bullitt building in that city which is occupied by the secretary and the company's typewriter; much of the correspondence of the company is carried on from that office ; the board of directors meets there ; the corporate seal is part of the year kept there and there affixed to the corporate documents ; part of its banking business is transacted in Philadelphia county ; its stock certificates are there attested and issued ; the company's ledger account is kept there, and much other corporate business is there transacted. While the roadbed is in Delaware county, and has there what the secretary calls its principal office in which the stockholders meet, and where much other company business is transacted, these facts do not weaken the significance of the corporate acts done in Philadelphia county. The corporation as an artificial person, really, has a constant existence in both counties and may be sued in either if proper service in either case be had upon the proper officers. The facts in this case clearly take it out of the scope of the decision in Bailey v. The Railroad Company supra, and we think the court below should have so held. Any doubt as to the legality of the manner of service on the president, was not raised in the court below, nor is it questioned here, therefore we pass no opinion on that point.

The decree is reversed, and it is directed that the rule to set aside the service of the summons be discharged.