The facts are stated in the opinion by PATTERSON, P. J., of the court below, as follows: *Page 625 
This is a suit in trespass to recover damages for the unlawful and wrongful taking, carrying away, and converting to the use of the defendant corporation seven (7) automobiles. The plaintiff and defendant were both engaged in business relations with the Knapp Motor Car Company on or about the year 1938. The Motor Company failed and this action results.
It is admitted by all parties that the cause of action arose in Blair County and that the defendant Company is not now, and has not since February 15, 1941, had any place of business in Blair County.
The summons was served upon the defendant corporation in the County of Allegheny by the Sheriff of Allegheny County deputized for the said service by the Sheriff of Blair County.
The defendant now moves to set aside the said summons in trespass on the ground that the defendant corporation does not have a place of business or any substantial part of its property in the County of Blair where the suit was instituted.
In support of defendant's contention a number of cases are cited in which it has been held that process against a domestic corporation must issue from a county where it habitually carries on a substantial part of its business or exercises its franchises and has property. The cases cited however were suits in assumpsit.
On the other hand, the plaintiff contends that this being an action in trespass for damages it is controlled by the Act of June 13, 1836, P. L. 586 (12 PS 1303), which reads as follows:
"In actions for damages, occasioned by a trespass or injury done by a corporation, if the officers aforesaid, of such corporation, or any of them, shall not reside in the county in which such trespass or injury shall be committed, it shall be lawful to serve the summons upon any officer or agent of the corporation at any office or place of business of the corporation within the county, or if there be no such office or place of business, or other principal *Page 626 
officer, cashier, treasurer, secretary, or chief clerk, in any county or place where they may be found."
The Act of April 3, 1903, provides for service of summons against a corporation and sets forth the manner in which service may be made when the corporation has no office or place of business in actual operation in the county where the cause of action arose by directing in such cases that the writ shall be served in any other county by the sheriff of that county deputized for that purpose by the sheriff in the county in which the writ issues.
The Act of 1836 expressly refers to actions in damages and service of summons "in the county in which such trespass or injury shall be committed."
The Supreme Court has ruled:
"The Act of June 13, 1836, P. L. 568 authorized a suit in any county where the cause of action arose." Gengenbach v. WillowGrove Park Co., 280 Pa. 278, 280.
Under these authorities the suit was properly filed in the County of Blair and it was lawful to serve the summons upon the president, or other principal officer, cashier, treasurer, secretary, or chief clerk, in any county or place where they may be found (In this instance in Allegheny County).
Therefore the rule to set aside the Writ of Summons is discharged.
Defendant appealed.
The decree of the court below is affirmed on the able opinion of PATTERSON, P. J. Costs to be paid by appellant.
 *Page 1