Pavilonis *v.* Consolidated Home Furnishing
Company, Appellant.

Argued April 17, 1944. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.
petition for reargument granted June
30, 1944. Judgment of reversal vacated April 7, 1945.

Reargued November 29, 1944. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES,
JJ.

*D. H. Jenkins,* with him *Henry Greenwald,* for appellant.

*Milton J. Kolansky,* with him *Edward M. Murphy,* for appellee.

OPINION BY MR. JUSTICE LINN, April 9, 1945:

Defendant, a corporation of Pennsylvania, appeals from the refusal of its motion, made pursuant to the Act of March 5, 1925, P. L. 23, 12 PS section 672, to set aside the service of a writ of summons issued out of the Court of Common Pleas of Lackawanna County and served on the defendant in Philadelphia County. It contends that the Lackawanna County Court has no jurisdiction because defendant had no property in and was not engaged in business in the county.

The action is trespass for malicious prosecution. The tort, redressable in trespass, was committed in Lackawanna County.

The general rule at common law was thus stated in *Park Bros. & Co. v. Oil City,* B. W., 204 Pa. 453, 456, 54 A. 334: "At common law a corporation could only be sued in the territorial jurisdiction where it had its legal domicil, and that was where it had its chief place of business. . . ." This rule was changed by the Act of June 13, 1836, P. L. 568, 12 PS section 1303, entitled, "An Act Relating to the commencement of actions." Section 42 provides: "In actions for damages, occasioned by a trespass or injury done by a corporation, if the officers aforesaid of such corporation, or any of them, shall not reside in the county in which such trespass or injury shall be committed, it shall be lawful to serve the summons upon any officer or agent of the corporation, at any office or place of business of the corporation within the county, or if there be no such office or place of business, it shall be lawful to serve the summons upon the president, or other principal officer, cashier, treasurer, secretary, or chief clerk, in any county or place where they may be found."

By authorizing service of process out of the county in which the tort was committed, "if there be no such office or place of business" in the county, the legislature must have intended to confer jurisdiction to sue, thus changing the common law governing venue of suits against corporations in trespass actions. The words cannot be given their full effect unless the statute is understood to confer jurisdiction.

In 1843, not long after the Act was passed, the court, in *Lehigh Co. v. Kleckner,* 5 W. & S. 181, 187, referred to this section and said, inter alia, "This provision would be totally unnecessary if the doctrine that a corporation is sueable in any county of the State be correct. It shows the legislative sense of the law in making provision for a case depending on peculiar circumstances." See also *Brobst v. Bank of Penna.,* 5 W. & S. 379, 381. Mr. Justice DEAN in *Bailey v. Williamsport & North Branch R. R. Co.,* 174 Pa. 114, 117, 34 A. 556, noted that "While this provision is for the benefit of the party injured, it is manifestly based on the assumption that suit is restricted to the county where the trespass or injury is committed." In *DeHaas v. Pennsylvania Railroad Co.,* 261 Pa. 499, 501, 104 A. 733, Mr. Justice WALLING referred to the section as authorizing ". . . suit against a corporation in any county where the cause of action arose." In *Gengenbach v. Willow Grove Park Co.,* 280 Pa. 278, 280, 124 A. 425, Mr. Justice SADLER said section 42 "authorized a suit in any county where the cause of action arose. . . ."

Professional understanding of section 42, while not controlling, has been to the same effect. Beginning with the construction by President Judge THAYER in *Lehigh Coal & Navigation Company v. Lehigh Boom Company,* 6 W. N. C. 222 (1878), various courts of common pleas have so applied the act: *Eckman v. Pennsylvania Coal Co.,* 21 Dist. Reports 18; *Musselman v. York Bridge Company,* 35 Pa. C. C. 532; *Litomy v. Colonial-Berks Real Estate Co.,* 25 D. & C. 500; common pleas of Blair County, affirmed in *First Nat. Bank of Altoona v. Auto-*

*mobile Finance Co.,* 348 Pa. 624, 36 A. 2d 499. Textbook writers reflect the same view: 2 Savidge, Pennsylvania Corporations (2nd Ed. 1926) Sec. 913; 3 Troubat & Haly's Practice (6th Ed. 1914) page 2829; 2 Brewster's Common Pleas Practice, (2nd Ed.) page 927; Eastman on Private Corporations, (Cum. Supp. to 2nd Ed. 1924) by Weimer, Sec. 586; 13 Standard Pennsylvania Practice, pages 135-137.

The same view was reflected in Procedural Rule No. 2198, preserving Section 42 ". . . insofar as it relates to venue of actions of trespass." See Goodrich-Amram, section 2198.

The title, "An Act Relating to the commencement of actions," is large enough and doubtless was intended to include venue as well as process. While the Act was passed before the first constitutional amendment of 1864 making the title part of the Act, the rule prior thereto was that the title "can be resorted to only when there is doubt in regard to the meaning of the enacting words." *Com. v. Slifer,* 53 Pa. 71, 73. We think there is no doubt of the legislative intention, but that principle allows us to consider the title if the meaning of the enacting words be thought doubtful.

The order appealed from is affirmed.

DISSENTING OPINION BY MR. CHIEF JUSTICE MAXEY:

I dissent from the majority opinion. I do not think the common law rule as to suing a corporation only in the territorial jurisdiction where it had its legal domicile was changed by the 42nd section of the Act of June 13, 1836, P. L. 568, 12 P. S. 1303, entitled "An Act Relating to the Commencement of Actions." That very title just quoted indicates that the act had nothing to do with *venue.* It assumed that there was an action to "commence" and a place to "commence" in and it provided only for *service* after an action in trespass was commenced in the proper forum. The act prescribed *how* an action should be commenced—not *where* it should be commenced. The Act of 1836 was but one section of a

ninety section act "relating to the commencement of actions." The legislature which enacted it might aptly be termed "a procedural legislature," for in addition to the act whose section 42 we are considering, this legislature enacted an unprecedented number of procedural acts.[1]

The "Table of Contents" is significant of what the legislature *intended* by section 42 of the Act of 1836. In referring to section 42, the "Table" says: "How service may be made in actions for trespass, and wrongs done by a corporation." If section 42 was intended to create venue, it is logical to believe that the Table of Contents in referring to section 42 would have read: "Where corporations may be sued for wrongs done by them and how service may be made upon them."

Section 1 of the Act of March 22, 1817, 6 Sm. L. 438, reads as follows: "That suits may be brought against corporations by their corporate names, before any court or magistrate of competent jurisdiction, by summons, which may be served on the president or other principal officer, or on the cashier, treasurer, secretary or chief clerk of such corporation."

By the Act of March 16, 1833, P. L. [1832-33] 78, a supplement was added to the Act of 1817, by which it was provided: "That the service of any civil process upon the toll gatherer of any incorporation, in the

---

[1] Other procedural acts, in addition to the one we are considering, were Act No. 171, relating to lunatics and drunkards, P. L. 589; Act No. 172, relating to domestic attachments, P. L. 606; Act No. 173, relating to the attachment of vessels, P. L. 616; Act No. 174, relating to writs of quo warranto and mandamus, P. L. 621; Act No. 175, relating to assignees for the benefit of creditors and other trustees, P. L. 628; Act No. 176, relating to bonds with penalties and official bonds, P. L. 637; Act No. 182, supplemental to various acts relating to Orphans' and Registers' Courts, P. L. 682; Act No. 184, relating to the liens of mechanics and others upon buildings, P. L. 695; Act No. 186, relating to reference and arbitration, P. L. 715; Act No. 187, relating to insolvent debtors, P. L. 729; Act No. 191, relating to executions, P. L. 755; and Act No. 192, relating to the jurisdiction and powers of courts, P. L. 784.

proper county, and next to the place where the damage or damages shall have been committed, shall be held as good and valid in law, as if served on the president, or other principal officer, or the cashier, treasurer, secretary, or chief clerk of any corporation, as aforesaid; and upon such service, the like proceedings shall be had, as is directed by the aforesaid act, to which this is a supplement; Provided, that where a suit shall be commenced, and the process served on the toll gatherer, it shall be the duty of the plaintiff, his agent or attorney, to cause reasonable notice to be given to some one of the officers of the company aforesaid, of the commencement of any such suit before trial and final judgment."

The Act of 1817 authorized suits against corporations before any court *"of competent jurisdiction,"* and the Act of 1833 authorized "the service of any civil process upon the toll gatherer of any incorporation, *in the proper county,"* etc. (italics supplied.)

The elimination from the Act of 1836 of the phrases "court of competent jurisdiction" and "in the proper county," which appeared in the Acts of 1817 is apparently responsible for the confusion that has been so evident in the interpretations of Section 42 of the Act of 1836. I believe most courts have proceeded on the theory that it was taken for granted that no person would institute a suit against a corporation except before a "court of competent jurisdiction" or "in the proper county," and that therefore the Act of 1836 was only a service act. Some courts of Common Pleas have proceeded on the theory that the act was a venue act. The three acts above quoted were passed at a time when the legislature was chartering turnpike, bridge and canal companies and the law as to private corporations was undeveloped.[2]

[2] "Most books prior to Angell & Ames in 1831 treat the subject of private corporations as only a small and unimportant branch of the law of municipal corporations. . . . It was thought at common law that a corporation could not be sued unless service of summons was made upon its head officer. . . . Seemingly, the only difficulty felt by the courts was that of service, since none of the cases seem to

In 1842 the legislature passed the Act of March 21, 1842, P. L. 144, Section 8 (67 P.S. 491) of which reads as follows: "Hereafter when any action is commenced by any person or persons, or bodies corporate, against an incorporated railroad or canal company, *in any county in which the corporate property of such company is wholly or in part situated,* it shall be lawful, if the president, treasurer, secretary, or chief clerk of such corporation does not reside, or cannot be found in such county, for the sheriff or other officer to whom such process is directed to serve the same on any manager or director of such company, being in such county, and the service so made shall be deemed sufficient; and in case no director or manager can be found in the county, it shall be lawful for such officer to go into an adjoining county to serve the process, as hereinbefore stated." (italics supplied.)

If section 42 of the Act of 1836 created venue in the county where the cause of action arose, it would have been the obvious thing for the legislature of 1842 to have added in the interest of unity and completeness to the phrase I have italicized in section 8 of the Act of 1842 the following: *"or in any county in which the cause of action arose,"* or at the very least, to have designated section 8 of the Act of 1842 as an *amendment* or *supplement* to section 42 of the Act of 1836, as the Act of 1833, supra, was designated a *supplement* to the Act of 1817, supra. On the contrary, the phraseology of section 8 of the Act of 1842 indicates that its framers regarded section 42 of the Act of 1836 as exclusively a *service* act. Since about the only private corporations in 1836 and 1842 were turnpike, bridge and canal and railroad companies, it seems probable that when the legislature passed the Act of 1842 it deemed it a broad enough venue act for all practical purposes. Such corporations as those just named would be likely to have at least a part

---

doubt that once that difficulty was removed the courts had power to render a personal judgment." "Jurisdiction Over Foreign Corporations" by William F. Cahill, 30 Harvard Law Review, 676, 686, 687.

of their corporate property where any cause of action against them might arise. In not a single statutory line except in the ambiguous phrase of section 42 of the Act of 1836 is there any legislative support for the idea that venue in actions against corporations is obtained by merely the arising of a cause of action in a certain place.

In *Brobst v. Bank of Pennsylvania,* 5 W. & S. 379, decided only seven years after the Act of 1836 was passed, this court in an opinion by Justice SERGEANT treated the 42nd section of this Act of 1836 as purely a *service* act. He said nothing about its conferring jurisdiction where the cause of action arose.

In *Hawn v. Penna. Canal Co.,* 154 Pa. 455, 26 A. 544, this court said: "Service outside the county in which the action is commenced is not authorized unless property of the 'corporation was wholly or in part situated' in the county, in which the suit was brought, at the time the action was commenced."

In *Eline v. Western Md. Ry. Co.,* 253 Pa. 204, 97 A. 1076, this court in deciding the effect of the Act of June 8, 1911, P. L. 710, applicable to foreign corporations, discusses prior related acts and merely refers to the Act of 1836 as "a piece of legislation that assumes and intimates a jurisdiction in courts of counties where such causes of action arise without plainly providing therefor," and as an Act "treating of service and assuming jurisdiction in certain instances." These statements were dicta.[3] Furthermore, it is elementary that jurisdiction must be conferred by express words in a statute; it cannot be created either by its being "assumed" or "intimated." We recently so held in *Commonwealth ex rel. Cartwright v. Cartwright et al.,* 350 Pa. 638, 40 A. 2d 30.

In *Bailey v. Williamsport and North Branch R. R.,* 174 Pa. 114, 34 A. 556, the facts were that the defendant, a Pennsylvania corporation, whose road was located wholly in the counties of Lycoming and Sullivan, and whose principal office was in the former county, and

---

[3] The defendant had a *place of business* in the county where the summons was issued.

which had no agent, office or property in Philadelphia County, was sued in Philadelphia County by the plaintiff who had been injured in a collision on the railroad. The plaintiff procured service on the defendant's treasurer when he was temporarily in Philadelphia. The defendant's counsel obtained a rule on the plaintiff to set aside the summons. The lower court made the rule absolute. Upon appeal this court affirmed the judgment, saying through Justice DEAN: "It does not seem reasonable the legislature intended a suit might be brought in Philadelphia against a street railway company of Harrisburg, . . . if service could be had on a corporation officer who happened to visit Philadelphia. That a corporation . . . shall be compelled to appear with its witnesses for trial in a court three or four hundred miles distant, ought not to be so decided unless the declaration be express or the implication unavoidable." Justice DEAN declared that by the Act of March 22, 1817, supra, "it was only intended to indicate what courts having jurisdiction of . . . like causes of action between natural persons should have jurisdiction in actions of corporations."

Six years later in *Jensen v. Railway Co.*, 201 Pa. 603, 51 A. 311, Justice DEAN carefully pointed out *just what was decided* in the *Bailey* case. He said: "We further held that the Act of June 12, 1836, only authorized a service on officers outside the county where the corporation was located, when such officers were not residents of that county. The Act of March 21, 1842, we held, was in substance similar in its provisions. And so, all through the case of *Bailey v. The Railroad Company*, supra, the decision and reasons for it are based on the undisputed facts: 1. That the cause of action originated in the counties where the road was located and transacted its business. 2. Its office was there and nowhere else and all its officers resided there. 3. It had no office in Philadelphia, transacted no business there, had no property there and consequently, there was no legislation which authorized such service of summons, by which defendant was brought into court in that case."

In *DeHaas v. Penna. R.R.*, 261 Pa. 499, 104 A. 733, it was stated that the common law rule relating to the jurisdiction over corporations "was enlarged by the Act of June 13, 1836, Section 42 P. L. 568, so as to authorize suit against a corporation in any county where the cause of action arose." This statement was dictum as it was on a matter not involved in the case, for the suit was brought in a county where part of the corporate business was conducted and part of the corporate property located and the decision was in accordance with the provisions of the Acts of 1842 and 1856. Justice WALLING's statement about section 42 of the Act of 1836 enlarging the common-law venue rule as to corporations is in conflict with what he said elsewhere in his opinion, and it is significant that the syllabus which Justice WALLING presumably saw before it was published, and which was presumably written by Wm. I. Schaffer, then State Reporter (later Justice and Chief Justice), says: "The common law rule that a corporation could be sued only in the territorial jurisdiction where it had its legal domicile and chief place of business, has been enlarged by the Acts of June 13, 1836, Sec. 42, P. L. 568; March 21, 1842, Sec. 8, P. L. 145, and March 17, 1856, P. L. 388, so that a corporation of this state now exists in any county where it has property and exercises its corporate franchise, and, being lawfully served, must respond to any transitory action brought there against it."

In *Gengenbach v. Willow Grove Park Co.*, 280 Pa. 278, 124 A. 425 (1924), this court upheld a claim of jurisdiction over a corporation because it carried on a substantial part of its business in the county where the suit was instituted. The court then said: "The Act of June 13, 1836, section 42, P. L. 568, authorized a suit in any county where the cause of action arose, but the jurisdiction was broadened by the Act of 1842 (March 21, sec. 8, P. L. 144) which permitted the institution of proceedings when the corporate property was wholly or in part situated in another district, and this power was reaffirmed by the Act of March 17, 1856, P. L. 388." The

statement regarding the Act of 1836 was dictum, for the cause of action arose *outside* the county of suit and suit was brought in the county where *corporate business was conducted and corporate property located.* Later in the opinion this dictum was negatived by the statement that "in the absence of some legislative permission, suit [against a corporation] must be brought only where the principal office is located, and the service made as directed by the acts referred to, but an exception is upheld where the defendant corporation conducts a substantial part of its business in another jurisdiction, exercising its franchises, and locating there the whole or part of its property: *Bailey v. Williamsport R. R. Co.*, supra; *Hawn v. Penna. Canal Co.*, supra."

In *Park Bros. v. Oil City Boiler Works*, 204 Pa. 453, 54 A. 334, the facts were that a corporation having its office in Venango County, and having no office or place of business in Allegheny County, was sued in the latter county in assumpsit for breach of contract, which contract provided "for the delivery of steel f. o. b. Pittsburgh to the defendant company." Service was made on the Vice President of the defendant company while he was in Allegheny County.

Defendant obtained a rule to set the service aside. It was set aside, and this court affirmed the action of the lower court in doing so. Justice MITCHELL in his opinion says (p. 456): "Notwithstanding the learned and ingenious argument of the appellant, it is too firmly settled to admit of question that the common-law rule as to suits against corporations is still the general rule in Pennsylvania, and any exceptions to it must rest on clear statutory authority. The learned judge below found some conflict in the decisions of the courts of common pleas and some uncertainty perhaps in those of this court. It is not worth while, however, to enter upon an extended review and comparison of the cases, since the subject was carefully considered and settled in *Bailey v. Williamsport, etc., R. R. Co.*, 174 Pa. 114. In that case the legislation down to that date was reviewed

by our Brother Dean and the result shown that no suit is authorized against a corporation except in a county where the corporate property is in whole or in part situated, or where it transacts a substantial part of its business: *Jensen v. Philadelphia, etc., St. Railway Co.,* 201 Pa. 603."

Justice MITCHELL further stated: "Since those cases arose, however, there has been passed the Act of July 9, 1901, P. L. 614, and we have to consider its effect. . . . No direct reference is made anywhere to the jurisdiction of the courts, nor is any such intent discoverable in the title. The only phrases from which such intent could be even remotely inferred are in the 2d section, above quoted that the sheriff may serve the writ 'in the county wherein it is issued,' and the provision in clause (f) for service where the corporation has no office or place of business in actual operation 'in the county where the cause of action arose.' These are altogether insufficient to turn an act whose title and plain general purpose relate solely to methods of service, into one making substantial changes in the jurisdiction of courts and the liability of corporations to be sued. The words, 'county wherein it is issued,' and 'county where the cause of action arose,' mean county wherein it was legally issued, and county where the location of property or business gave jurisdiction to the courts under existing law. . . . The learned judge below was correct in holding that the Act of 1901 was a regulation of service only."

The unequivocal language of Justice MITCHELL in the case just cited firmly established the rule that in actions of assumpsit against corporations venue can *not* be obtained in a county merely by the fact of the cause of action arising there. Justice MITCHELL by his discussion of the decisions of this court in the case of *Bailey v. Williamsport etc. R. R. Co.,* supra, a trespass case, made it clear that he believed that the rule enunciated by him in the *Park Bros.* case, was the correct rule in *both assumpsit and trespass cases,* and that suits against corporations can be maintained only in those counties where

the corporate property is in whole or in part situated, or where it transacts a substantial part of its business.

If we respect the principle of stare decisis, the decision of this court in *Vandersloot v. Pa. W. & P. Co.*, 259 Pa. 99, will lead us to hold in the case now before us that section 42 of the Act of 1836 relates to service and *not* to venue. In that case the "trespass or injury" complained of was in *York* County. Service was made from the Court of Common Pleas of that county. The defendant's works were in Lancaster County. Its headquarters were in New York City. Service of the bill was made on the defendant's president and secretary in New York City and also on officers in Lancaster County by the sheriff of that county, who was deputized by the sheriff of York County. Defendant obtained a rule to set aside the service of the bill in equity. This rule was discharged. Defendant appealed.

This court said: "Plaintiff contends that, since our Equity Rule 10 provides that 'service of the bill, and notice to appear and answer, on a corporation shall be effected in the mode prescribed by law for the service of a writ of summons upon such corporation,' the service by the deputized sheriff of Lancaster County is good and sufficient in this case, . . . (citing section 42 of the Act of June 13, 1836, P. L. 568; Act of March 17, 1856, P. L. 388; Act of July 9, 1901, P. L. 614, as amended by the Act of April 3, 1903, P. L. 139; and the Act of June 5, 1915, P. L. 847) ; but there is nothing in Rule 10, or any of the acts of assembly relied upon by plaintiff, which confers the right upon a court in equity to bring a corporation, which otherwise would be without its jurisdiction, within the grasp of its process, so as to subject such defendant to a decree in personam or one affecting its property located in another county. We have examined the cases cited by plaintiff, but none of them supports the order appealed from."

The clear import of this statement by Justice MOSCH-ZISKER, speaking for a unanimous Supreme Court, is

that under section 42 of the Act of June 13, 1836, P. L. 568 [the Act we are now interpreting] the fact that the defendant's "trespass or injury" to the plaintiff was in York County did *not* bring the corporation within the *jurisdiction* of the Court of Common Pleas of York County, and therefore service on a trespassing corporation, authorized by section 42 of the Act of 1836, on officers residing outside of the county in which the "trespass or injury" was committed could not be made. If the fact that the trespass or injury had taken place in York County had given the York County court jurisdiction over the defendant, the service would have been upheld.

This constituted an explicit holding by this court that the 42nd section of the Act of 1836 (which Judge MOSCHZISKER expressly mentioned) is *not* a *venue* act, but it is purely a *service* act and becomes operative when jurisdiction on a corporation is conferred upon the court of a certain county by the fact that, in the language of Judge MITCHELL in *Park Bros. v. Oil City Boiler Works,* 204 Pa. 453, "the corporate property is in whole or in part situated or it transacts a substantial part of its business in that county."

This is exactly in accord with what this court held in *DeHaas v. Penna. R. R. Co.,* 261 Pa. 499, and in *Hawn v. Penna. Canal Co.,* 154 Pa. 455, where we held: "Service outside the county in which the action is commenced is not authorized unless property of the 'corporation was wholly or in part situated' in the county, in which the suit was brought, at the time the action was commenced."

The same or equivalent language appears in other decisions in this court and in text-books, though some text-books also quote statements in conflict therewith, which conflicting statements are based either on *dicta* from some opinions of this court, or on opinions of certain judges of the *courts of common pleas,* who were evidently misled by the dicta just referred to.

The case of *Lehigh County v. Kleckner,* 5 W. & S. 181, is cited in the majority opinion. I think that opinion supports my view that the Act of 1836 now under consideration is purely a *service* act. Judge ROGERS in the case just cited said:

"The service of process against corporations, and against counties and townships, is regulated by the Act of the 13th of June 1836, sections 41 and 42, and the Act of the 15th of April 1834; and in neither Act is authority given to serve process in any county except where they are located, unless as in the 42nd section, where it is provided that in actions for damages, occasioned by a trespass or injury done by a corporation, where the officers of the corporation, or any of them, shall not reside in the county in which the trespass or injury shall be committed, process may be served *in any county or place where they may be found.*"

What Judge ROGERS said in this case negatives the contention that section 42 of the Act of 1836 conferred venue.

*To what extent* "professional understanding" holds section 42 of the Act of 1836 to be a venue act nowhere appears but whatever "understanding" there has been in the profession or in text book writers that section 42 created venue, has obviously been due to unfortunate dictum in the *DeHaas* case, supra, and in the *Gengenbach* case, supra. Justice DEAN'S dictum in the *Bailey* case, supra, was carefully cleared up by that jurist in the *Jensen* case, supra, six years late. The unequivocal statement Justice MITCHELL made on January 5, 1903, in the *Park Bros.* case, supra, quoted in this opinion, should have left the profession and text book writers in no doubt thereafter that section 42 of the Act of 1836 was *exclusively* a *service* enactment and not a venue enactment.

13 Standard Pennsylvania Practice, p. 137, cites only one case, and that a common pleas court case, *Litomy v. Colonial-Berks Real Estate Co.,* 25 D. & C. 500, in sup-

port of its statement that "an action in trespass against a corporation can be commenced in the county where the trespass occurred." But the very same section which contains the statement just quoted also says:

"An action against a corporation to recover damages for personal injuries must be brought in the county where the corporate property is wholly or in part situated." In support of that statement the following two cases *from this court* are cited: *Bailey v. Williamsport & N. B. R. Co.*, 174 Pa. 114, 34 A. 556; *Jensen v. Philadelphia M. & S. Street R. Co.*, 201 Pa. 603, 51 A. 311.

Certainly this court ought to follow its own decisions rather than the decision of lower courts in determining legal questions squarely brought before it. The only statement on the subject now before us, in 3 Troubat & Haly's Practice, 6th Ed., p. 2829 (cited in the majority opinion) is as follows:

"With respect to service on a corporation beyond the limits of the county where trespass to *land* has been committed, the Act of 1836 is still in force and has not been affected by the Service Act of 1901. The plain meaning of the earlier act is if there are neither officers nor agents of a home corporation within the county where such a trespass is committed, a summons shall run beyond the limits of the county and shall be served on the chief officers of the corporation in any part of the state." (italics supplied.)

That statement is supported by only one case, to wit: *Eckman v. Penna. Coal Co.*, 21 Pa. D. R. 18, which was a case of trespass to land. No appellate court case supports either Troubat & Haly's Practice or Brewster's Common Pleas Practice on this point.

Savidge on Pennsylvania Corporations, Vol. 2, 2nd ed., p. 727, says: "under it [the 42nd section of the Act of 1836] if there be no officers or agents in the county where a trespass to land is committed, service may be made on the chief officers anywhere in the State." Savidge evidently takes the view that only in cases of trespass to *land* does a cause of action arise in the county

of the trespass. He cites only two cases, both in the Court of Common Pleas, and both written by the same judge. One of the cases is the case cited in Troubat & Haly's Practice, supra.

In the case of *First National Bank of Altoona v. Automobile Finance Co.*, 348 Pa. 624, 36 A. 2d 499, this court approved the judgment of the court below in a two line per curiam opinion and a re-argument was granted in that case and the matter remains open until the opinion in this present case is filed. The court below in the *Altoona* case obviously fell into error in saying: "The Supreme Court has ruled: 'The Act of June 13, 1836, P. L. 568, authorized a suit in any county where the cause of action arose.' *Gengenbach v. Willow Grove Park Co.*, 280 Pa. 278, 280." In the *Willow Grove* case,[4] the words just quoted were pure dictum, as I have demonstrated in this opinion, and no dictum can be held to be a *"ruling"* of the court which uttered it. Moreover, in the *Willow Grove* case, this court later in the same opinion expressly *negatived* that dictum, as I have herein pointed out.

If this court is now going to hold that section 42 of the Act of 1836 creates venue in the county where the cause of action in a trespass case arose, we will have in the state the anomaly that in an *assumpsit* suit against a corporation, the happening of the cause of action (i. e., the breach of contract) in a certain county does *not* by itself confer jurisdiction on the courts of that county (for this court ruled that explicitly in the *Park Bros.* case, supra), while in a *trespass* case, the happening of the cause of action in a certain county *does* by itself confer jurisdiction on the courts of that county. There is no logical reason whatsoever for this difference in the respective procedures.

Justice MITCHELL invoked both authority *and reasoning* in support of his conclusion in the *Park Bros.* case.

---

[4] This is the only case cited and relied on in the lower court's opinion.

He reasoned that the provision in the Act of July 9, 1901, relating to the service of a summons on a corporation "in the county where the cause of action arose" was "insufficient to turn an act whose title and plain general purpose relate solely to methods of service into one making substantial changes in the jurisdiction of courts." Reason requires that *the same thing* be said of substantially the same phrase found in section 42 of the Act of 1836. This Act of 1836, can be accurately described as Justice MITCHELL describes the Act of 1901, as "an act whose title and plain general purpose relates solely to method of service." It may also be pertinently added: "It is not to be presumed that the legislature intended to abrogate or modify a rule of the common law by the enactment of a statute upon the same subject; it is rather to be presumed that no change in the common law was intended, unless the language employed clearly indicates such an intention." 25 R. C. L., Section 280, p. 1054. Certainly section 42 of the Act of 1836 does not "clearly indicate" *any such intention,* and this court during the 108 years which intervened between the Act of 1836 and the two line per curiam opinion in the *First National Bank of Altoona* case, supra, handed down on May 20, 1944, *never held* that merely the arising in a certain county of a cause of action in trespass against a corporation gave the courts of that county jurisdiction in that case. It is most significant that in not a single case reported in either the Supreme or Superior Court reports (except the *Bank of Altoona* case, supra, in which a reargument has been ordered) has jurisdiction in either a trespass or an assumpsit action ever been obtained against a corporation by reason of the cause of action having arisen in the county from whose court the summons issued.

The Rules of Civil Procedure do not apply to this case because the action was commenced on April 10, 1943, and service was made on April 22, 1943, whereas the rules of Civil Procedure Governing Corporations and Similar Parties as Entities did not become effective until

August 1, 1944. It is of interest to note that Rule 2179 [5] as to Venue reads as follows:

(a) Except as otherwise provided by an Act of Assembly or by subdivision

(b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located; or

(2) a county where it regularly conducts business.

Rule 2198 expressly preserves "Section 42 of the Act approved June 13, 1836, P. L. [1835-36] 568, No. 170, 12 P.S. 1303, insofar as it relates to venue of actions of trespass." This "reservation" did not purport to say *how* "far" Section 42 "relates to venue of actions of trespass." The question was left *open for decision*. My judgment is that this court ought to decide that the 42nd section of the Act of 1836 relates exclusively to *service* and *not* at all to *venue*, and that we ought to reiterate in this case what this court, speaking through Justice MITCHELL, said in *Park Bros. v. Oil City Boiler Works*, supra, that "no suit is authorized against a corporation except in a county where the corporate property is in whole or in part situated, or where it transacts a substantial part of its business." For us so to rule would make our practice in *trespass* suits against corporations consistent with our practice in *assumpsit* suits against corporations and with Rule 2179 of our new Procedural Rules. It would also be in accord with what I maintain has been the established practice for 108 years.[6]

---

[5] "Sub-division 'b'" declares that "an action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth, may be brought

(1) in a county designated in subdivision (a) of this rule; or

(2) in the county where the insured property is located; or

(3) in the county where the plaintiff resides, in actions upon policies of life, accident, health, disability and live stock insurance."

[6] Except in about four reported *Common Pleas Court* cases, which, of course, are not authoritative in *this* court.