[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (#112)
The plaintiff, Karen Jo (Robinson) Nocera, in a three count CT Page 13077 amended complaint,[1] dated March 30, 1999, alleges that the defendant, Peter A. Besso, negligently and recklessly operated a van owned by co-defendants, Robert Wernicki and Wernicki Trucking, Inc. This case arises out of a motor vehicle accident involving a rear-end collision that occurred on the evening of August 21, 1996. Besso allegedly hit the plaintiff's jeep while she was stopped at a red light on Washington Street in Middletown, Connecticut, and, as a consequence of the accident, the plaintiff allegedly sustained serious injuries.
On April 9, 1999, the defendants moved to strike the second and third counts of the plaintiff's amended complaint and submitted the requisite memorandum of law. The plaintiff filed an objection and memorandum of law on April 21, 1999.
For the reasons stated below, the court grants the defendants' motion to strike counts two and three of the plaintiff's complaint.
 Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). The court "must take as true the facts alleged in the plaintiff's complaint [or necessarily implied from the allegations] and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Bhinder v. Sun Co.,246 Conn. 223, 226, 717 A.2d 202 (1998).
"A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 588, 693 A.2d 293 (1997).
 Discussion
In support of their motion to strike, the defendants argue that counts two and three fail to state a viable cause of action. They contend that the plaintiff did not allege sufficient facts to establish a claim of reckless conduct under either General Statutes § 14-295[2] or the common law. In addition, defendants CT Page 13078 Robert Wernicki and Wernicki Trucking, Inc. assert that the plaintiff cannot hold them responsible for defendant Besso's recklessness and, therefore, move to strike counts two and three on this basis.
In response, the plaintiff contends that she has properly pleaded all counts and that the facts alleged in her complaint support the relevant causes of action.
The appellate courts of this state have not addressed whether a plaintiff, in order to state a legally sufficient claim for statutory recklessness, must allege facts showing or tending to show reckless conduct or, instead, must simply recite the language of General Statutes § 14-295. There exists a split among Connecticut superior courts regarding this issue. See Kelly v.Stone, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344231 (January 9, 1998) (Maiocco, J.); compare Kosloski v. Janiak, Superior Court, judicial district of New Haven at New Haven, Docket No. 403724 (February 6, 1998) (Zoarski, J.).
This court recently addressed the question of whether a plaintiff must plead facts establishing recklessness in order to recover under the multiple damage provisions of § 14-295 and concluded that because the motor vehicle violations that trigger 14-295, e.g. passing on the right or traveling too closely, may, depending upon the circumstances, support either a claim for negligence or recklessness, the plaintiff must allege sufficient facts to distinguish reckless conduct from those actions that are merely negligent. Unless, the statutory violations listed under §14-295 creates recklessness per se (e.g. § 14-222 driving at a rate of speed in excess of 85 miles per hours constitutes reckless driving), a plaintiff must provide sufficiently detailed facts to support a claim of recklessness. See Ortiz v. Rodriguez, Superior Court, judicial district of Middlesex at Middletown, Docket No. 087118 (May 10, 1998) (Gordon, J.).
Recklessness requires "a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But in order to infer it there must be more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, CT Page 13079 532, 542 A.2d 711 (1988). Such "conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.)Elliott v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27 (1998).
Thus, an analysis of whether a complaint states with sufficient particularity a cause of action for statutory recklessness, which in turn allows a plaintiff to recover double or treble damages pursuant § 14-295, requires a two step process.
As a threshold requirement, the complaint must allege facts that bring the defendant's conduct within the ambit of one of the enumerated statutes, and, these facts, if proved, must be sufficient to support a finding of recklessness. Consequently, the "`complaint should employ language explicit enough to clearly inform the court and counsel that reckless misconduct is relied on.'" Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958), quoting Brock v. Waldron, 127 Conn. 79, 81, 14 A.2d 713 (1940). In essence, the complaint must first allege facts which tend to show a reckless disregard for the safety of others in a situation where a high degree of danger is apparent. See Bishop v. Kelly,206 Conn. 608, 614, 539 A.2d 108 (1988). This requirement conforms with the legislative policy underlying § 14-295, which authorizes additional penalties for egregious conduct, i.e., driving recklessly. See Amstrong v. Smith, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533947 (December 2, 1994) (Sheldon, J.).
After the plaintiff has adequately alleged facts that, if proved, establish recklessness under one of the enumerated statutes, the plaintiff must also allege that the defendant's conduct "was a substantial factor in the cause of such injury, death or damage to property." General Statutes § 14-295.
Counts two (statutory recklessness) and three (common law recklessness) of the plaintiff's amended complaint incorporate the facts contained in count one (negligence). Under the negligence claim, the plaintiff alleges that defendant Besso caused the accident because he failed to: pay attention to his surroundings; keep his vehicle under control; apply his brakes; provide a warning; avoid the accident; and maintain a reasonable speed, in violation of § 14-218a and/or § 14-222(a), or maintain a reasonable distance between his vehicle and hers, in violation of § 14-240. The plaintiff further claims that Besso negligently CT Page 13080 "operated his motor vehicle upon the public street at such a rate of speed as to endanger the life of any person other than the operator of such motor vehicle, also in violation of C.G.S. §14-222(a)." The plaintiff also states that the "collision was caused by the negligent maintenance of the vehicle by the defendants." (Amended Complaint, Count One, ¶¶ 11 and 15).
In addition to the statements made in count one, count two further alleges that: "Said collision and the serious and disabling injuries of the plaintiff were caused by the conduct of the defendant, Peter A. Besso, in deliberately and/or with reckless disregard operating his motor vehicle at a rate of [speed] greater than was reasonable, having due regard to the width, traffic and use of the highway, the intersection of streets and weather conditions, in violation of C.G.S. S14-218a." The plaintiff also alleges that Besso's "violation of C.G.S. § 14-218a was a substantial factor in causing injuries to the plaintiff." (Amended Complaint, Count Two, ¶¶ 16 and 17).
Count three (common law recklessness) incorporates the allegations of negligence (count one, ¶¶ 1-8), repeats the allegations contained in ¶ 11 of count one, and, in addition, states: "The plaintiff claims exemplary and/or punitive damages based upon the misconduct of the defendant Peter A. Besso, in that he drove his motor vehicle at an unreasonable rate of speed for the traffic conditions which resulted in him losing control of his vehicle, failing to stop, and rear-ending the plaintiff, Karen Jo (Robinson) Nocera, with great force, pushing her vehicle through the intersection. The defendant, Peter A. Besso, disregarded the flow of traffic and deliberately traveled a rate of speed too fast for the traffic conditions, failing to keep her [sic] vehicle under control so as to avoid such accident, and engaging in statutory and common law violations set forth herein. In the alternative, the plaintiff claims exemplary and/or punitive damages based upon this misconduct of the defendant, Robert Wernicki, in that he failed to maintain the motor vehicle in a safe conduction and knew that keeping the motor vehicle in an unsafe condition could cause an accident and in engaging in the statutory and common law violations set forth herein." (Amended Complaint, Count Three, ¶¶ 18-19).
As previously noted, in order to distinguish a claim of recklessness (statutory or common law) from one sounding in negligence, a plaintiff must allege "more than a failure to exercise a reasonable degree of watchfulness to avoid danger to CT Page 13081 others or to take precautions to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v.Irish, supra, 207 Conn. 518, 532, 542 A.2d 711 (1988).
Even when construed in the light most favorable to sustaining the count's legal sufficiency, the generic and largely conclusional allegations merely stated a cause of action in negligence — the complaint, beyond alleging that defendant Besso rear-ended the plaintiff at a red light, does not contain any specific or particular facts that show or tend to show that the defendants' conduct involved "extreme departure from ordinary care, in a situation where a high degree of danger is apparent."Elliott v. Waterbury, supra, 245 Conn. 415.
With respect to the defendants Wernicki and Wernicki Trucking, Inc., the complaint merely alleges that Wernicki failed to properly maintain the van. This allegation, even if proved, fails to establish that Wernicki acted recklessly. Consequently, the plaintiff has failed to allege facts in sufficient detail to support either a claim of statutory or common law recklessness against any of the defendants.
Accordingly, the defendants' motion to strike counts two and three is hereby granted.
In light of this finding, the court need not address the parties' arguments regarding whether the defendants Wernicki and Wernicki Trucking, Inc., may be held vicariously liable for the conduct of the defendant Besso. The court notes, however, for the benefit of the plaintiff, should she elect to replead her recklessness counts, that the common law does not impose punitive or exemplary damages against a principal based solely on a theory of vicarious liability. Maisenbacker v. Society Concordia,71 Conn. 369, 379-80, 42 A.2d 67 (1899). The legislature did not expressly abrogate this common law rule when it enacted § 14-295
nor does the language of § 14-295 authorize the imposition of multiple damages against a nonoperator owner of a vehicle involved in an accident. See Bissonette v. Pomroy, Superior Court, judicial district of Windham at Putnam, Docket No. 054782 (July 1, 1997) (Sferrazza, J.) (discusses the evolution and devolution of a owner's liability for enhanced damages).
 Conclusion
Based on the foregoing analysis, the court grants the CT Page 13082 defendants' motion to strike count two (statutory recklessness) and count three (common law recklessness) of the plaintiff's amended complaint.
It is so ordered.
By the CourtElaine GordonJudge of the Superior Court